**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHELLE C. HONSE,
    Appellant,

v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
SF-1221-17-0617-W-1

DATE:  December 15, 2023


# THIS ORDER IS NONPRECEDENTIAL[1]


Michelle C. Honse, Anaheim, California, pro se.

Thomas L. Davis, Los Angeles, California, for the agency.


**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member


**REMAND ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which denied her request for corrective action.[2]  For the reasons discussed below, we

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

[2]  On May 5, 2020, the appellant filed a motion to withdraw her petition for review. Petition for Review (PFR) File, Tab 17.  However, she did not respond to the Acting Clerk's orders to confirm that request, and on July 5, 2022, the Acting Clerk returned the petition to the Board for consideration.  PFR File, Tabs 18-20.  The appellant has since confirmed that she does not intend to withdraw her petition.  PFR File, Tab 21.

GRANT the appellant's petition for review, AFFIRM the initial decision in part, VACATE the initial decision in part, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order. As to the appellant's allegation of reprisal for engaging in activity protected under 5 U.S.C. § 2302(b)(9)(C), we find that the appellant established jurisdiction over this claim and remand it for adjudication on the merits. As to the appellant's allegation of whistleblower reprisal under 5 U.S.C. § 2302(b)(8), we agree with the administrative judge's jurisdictional finding and finding that the appellant established that she made a protected disclosure; however, we remand this claim for further consideration of the contributing factor criterion. We also vacate the administrative judge's finding that the agency established by clear and convincing evidence that it would have suspended the appellant absent her protected disclosures.

## BACKGROUND

¶2      The appellant, a Health Technician with the agency's eye clinic, filed this individual right of action (IRA) appeal alleging that the agency retaliated against her for making protected disclosures by suspending her for 7 days effective June 21, 2015, and by proposing her removal on March 3, 2017. Initial Appeal File (IAF), Tab 1, Tab 46 at 38, Tab 47 at 8. As a Health Technician in the eye clinic, the appellant's responsibilities included ensuring that staff could perform the competencies for proper cleaning of reusable medical equipment, including a probe and Prager shells used to measure axial length. IAF, Tab 47 at 68, Tab 50, Hearing Compact Disc (HCD). The administrative judge found that the appellant nonfrivolously alleged that she made one protected disclosure on May 6, 2015, when she disclosed to the former chief of sterile processing that she had concerns regarding unsafe cleaning or sterilization practices regarding reusable medical equipment. IAF, Tabs 20, 23. The administrative judge, accordingly, held a hearing. IAF, Tab 50.

¶3    Thereafter, the administrative judge issued an initial decision denying the appellant corrective action. IAF, Tab 51, Initial Decision (ID). The administrative judge found that the appellant exhausted her administrative remedies with regard to her May 6, 2015 disclosure in her March 14, 2017 Office of Special Counsel (OSC) complaint. ID at 8. Specifically, she found that the appellant's complaint stated that, on May 6, 2015, she disclosed to the chief of sterile processing that she suspected that equipment used in the eye clinic had not been properly cleaned, and contended that, in retaliation for her disclosure, the agency suspended her and proposed her removal.[3] ID at 3. The administrative judge noted that, in response to the Board's jurisdictional order, the appellant submitted a copy of a May 11, 2015 complaint she made to the agency's Office of Inspector General (OIG) alleging, *inter alia,* "disregard . . . for working equipment used in patient care." ID at 8 n.3. The administrative judge found, however, that the appellant did not raise her OIG complaint in the OSC complaint. *Id.*

¶4    The administrative judge also found that the appellant established by preponderant evidence that, because she had a reasonable belief that she had disclosed a specific danger to public health or safety due to the risk of exposure to disease by reuse of improperly cleaned medical equipment, her disclosure was protected. ID at 7. However, the administrative judge found that the appellant failed to show that her protected disclosure was a contributing factor in her 7-day suspension and proposed removal. ID at 8-11. She found that the appellant failed

---

[3] The appellant also alleged that the agency retaliated against her by suspending her for 14 days in January 2016. IAF, Tab 1. The administrative judge found that the Board lacks jurisdiction over the 14-day suspension as an IRA appeal because the appellant elected to grieve that suspension before filing a complaint with OSC. IAF, Tab 20. In addition, the appellant brought a separate Board appeal concerning the agency's decision to remove her from Federal service; the administrative judge reversed her removal. *See Honse v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-17-0400-I-1, Initial Decision (0400 ID) (Sept. 29, 2017). The initial decision became the final decision of the Board when neither party petitioned for review. 5 C.F.R. § 1201.113.

to establish by preponderant evidence that the official taking the suspension action was aware of her protected disclosure. *Id*. Additionally, she found that, because the proposed removal occurred 22 months after the alleged disclosure, the appellant failed to establish by preponderant evidence that the proposed removal occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Id*.

¶5 Even though the administrative judge found that the appellant failed to prove by preponderant evidence that her disclosure was a contributing factor in the 7-day suspension and proposed removal, the administrative judge alternatively found that, even if the appellant proved the knowledge prong of the knowledge/timing contributing factor analysis as to the suspension, the agency showed by clear and convincing evidence that it would have suspended the appellant absent any whistleblowing. ID at 11-16. She denied the appellant's request for corrective action. ID at 16.

¶6 In her petition for review,[4] the appellant alleges that the administrative judge erred in finding that she did not raise the issue of retaliation for filing her OIG complaint in her OSC complaint. Petition for Review (PFR), Tab 1.

_____

[4] On January 29, 2019, after the record closed on review, the appellant requested leave to file a copy of the Office of Special Counsel (OSC) file in this case. PFR File, Tab 4. The Acting Clerk of the Board granted the appellant's request and the appellant filed a response. PFR File, Tabs 15-16. We have considered the appellant's response in reaching our determination that remand is appropriate under the circumstances of this case.

On August 6, 2020, the appellant filed a second motion to file additional evidence. PFR File, Tab 13. In her August 6, 2020 motion, the appellant requests leave to submit an order from the Court of Appeals for the Ninth Circuit and documentation from the Department of Labor relating to her separate removal appeal. The appellant also requests leave to submit copies of an email exchange between herself and agency counsel, which the appellant alleges reflects her interest in a global settlement. The appellant's removal is not one of the personnel actions in the instant appeal and the appellant has not explained how the evidence she seeks to submit is material to any of the dispositive issues in this IRA appeal. Thus, we deny the appellant's motion. *See* 5 C.F.R. § 1201.114(k) (stating that, once the record closes, no additional material will be accepted unless it is new and material).

Additionally, the appellant alleges that her representative did not conduct the hearing thoroughly.[5]  *Id.*

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The appellant established jurisdiction over her allegation that the agency retaliated against her for filing a complaint with OIG, and we remand the appeal for further adjudication on this claim.</u>

¶7        To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that she exhausted her administrative remedies before OSC and make nonfrivolous allegations that (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a)(2)(A).  *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39.   For the reasons below, we find that the appellant established jurisdiction over her allegation that the agency retaliated against her for filing an OIG complaint, and we remand the appeal for further adjudication on this claim.

¶8        Under 5 U.S.C. § 1214(a)(3), an employee is required to "seek corrective action from [OSC] before seeking corrective action from the Board" through an IRA appeal.  *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶ 6 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015).   An appellant may demonstrate exhaustion of her OSC remedies through her initial OSC complaint and other written correspondence to and from OSC concerning her allegations.  *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 6 (2014).  As set

---

[5] In her petition for review, the appellant also appears to allege that the agency is not in compliance with the decision reversing her removal.  *Id.*  Such matters are outside the scope of this appeal.  Additionally, the initial decision reversing the appellant's removal informed her that, if she believed that the agency has not fully complied with the Board's reinstatement order, she may enforce the Board's decision by filing a petition for enforcement.  0400 ID at 18 (Sept. 29, 2017).

forth above, the administrative judge found that the appellant exhausted her administrative remedies with regard to her May 6, 2015 disclosure in her March 14, 2017 OSC complaint. ID at 8. The administrative judge found, however, that the appellant failed to exhaust her allegation that the agency retaliated against her for filing a complaint with the OIG. ID at 8 n.3. We disagree.

¶9        In reaching this finding, the administrative judge noted that the appellant did not raise her OIG complaint in her OSC complaint. However, in her March 14, 2017 OSC complaint, which the appellant submitted both below and on review, the appellant alleges that the retaliating official had "documented evidence [the appellant] presented that [she] had contacted OIG." IAF, Tab 17 at 10; PFR File, Tab 16 at 1. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosing information to an agency's OIG or to OSC is protected regardless of the content of the appellant's complaints, as long as such disclosures are made "in accordance with applicable provisions of law." We therefore find that, contrary to the administrative judge's finding, the appellant exhausted her administrative remedies regarding her allegation that she was retaliated against for filing a complaint with OIG.

¶10        We also find that the appellant nonfrivolously alleged that her OIG complaint was a contributing factor in the personnel actions at issue. One way an appellant may satisfy the contributing factor element at the jurisdictional stage is by making nonfrivolous allegations that the official taking the personnel action knew of the protected activity and that the personnel action occurred within a period of time such that a reasonable person could conclude that the activity was a contributing factor in the personnel action, which is known as the "knowledge/timing" test. *See* 5 U.S.C. § 1221(e)(1); *Carney v. Department of Veterans Affairs*, 121 M.S.P.R. 446, ¶ 7 (2014). Here, the appellant alleges in her OSC complaint that a retaliating agency official had knowledge of her OIG complaint. IAF, Tab 17 at 10. While the appellant does not specify when the

agency official allegedly gained such knowledge, she submitted a copy of her OIG complaint. The OIG complaint is dated May 11, 2015—within 2 years of the June 21, 2015 seven-day suspension and March 3, 2017 proposed removal. IAF, Tab 5 at 11-12; *see Scoggins v. Department of the Army*, 123 M.S.P.R. 592, ¶ 25 (2016) (observing that a personnel action that takes place within 2 years of an appellant's disclosure satisfied the knowledge/timing test). Thus, we remand the appellant's claim that the agency retaliated against her for her OIG complaint to the regional office for further adjudication, including a hearing on this allegation.

Further adjudication is required to determine whether the appellant's protected disclosure was a contributing factor in a personnel action.

¶11    As noted above, the administrative judge found that the appellant established jurisdiction with respect to her claim of retaliation for protected disclosures under 5 U.S.C. § 2302(b)(8). Once an appellant establishes jurisdiction over her IRA appeal, she is entitled to a hearing on the merits of her claim, which she must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). Specifically, the appellant must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that she made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against her. 5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015). If the appellant makes out a prima facie case, the agency will be given the opportunity to prove, by clear and convincing evidence, that it would have taken the same personnel action in the absence of the protected disclosure. 5 U.S.C. § 1221(e)(1)-(2); *Lu*, 122 M.S.P.R. 335, ¶ 7.

¶12    We discern no error in the administrative judge's finding that the appellant made a protected disclosure under 5 U.S.C. § 2302(b)(8).[6] However, for the

---

[6] In 2012, Congress passed the Whistleblower Protection Enhancement Act, Pub. L. No. 112-199, 126 Stat. 1465, (WPEA) amending the WPA to, in part, reiterate that the Act protects "any disclosure" of conduct described in 5 U.S.C. § 2302(b)(8), including any such disclosure made in the normal course of an employee's duties. 5 U.S.C.

reasons discussed below, we find that the administrative judge did not correctly analyze whether the appellant established that her protected disclosure was a contributing factor in the contested personnel actions, i.e., her 7-day suspension and proposed removal.

¶13 One way to establish the contributing factor criterion is through the knowledge/timing test, under which an employee may prove that the disclosure was a contributing factor in a personnel action through preponderant evidence that the official taking the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 10 (2013). Here, the administrative was mistaken in finding that the time period of 22 months between the appellant's disclosure and the proposed removal was too long to satisfy the timing component of the test. *See Scoggins*, 123 M.S.P.R. 592, ¶ 25. Nonetheless, we discern no basis for disturbing the administrative judge's finding that the appellant failed to establish that the responsible agency officials

---

§ 2302(f)(2) (2013); S. Rep. No. 112-155, at 5. In a subsequent case, the Board found that the WPEA amendments to 5 U.S.C. § 2302(f)(2) required a heightened evidentiary burden for appellants who made disclosures in the normal course of their duties. *Benton-Flores v. Department of Defense*, 121 M.S.P.R. 428, ¶ 15 (2014). Citing the Senate Report for the WPEA, the Board found that such disclosures provide a basis for a section 2302(b)(8) claim only if the employee proves the agency took the personnel action "with an improper retaliatory motive." *Id*. (citing S. Rep. No. 112-155, at 5-6 (2012), reprinted in 2012 U.S.C.C.A.N. 589, 593-94). However, in December 2017, Congress passed and the President signed the National Defense Authorization Act for Fiscal Year 2018 (NDAA). The NDAA amended 5 U.S.C. § 2302(f)(2) to provide that the higher burden of proof applies only to disclosures "made during the normal course of duties of an employee, the principal job function of whom is to regularly investigate and disclose wrongdoing." Pub. L. No. 115-91, § 1097(c)(1)(B)(ii), 131 Stat. 1283, 1618 (2017). While the events relevant to this appeal took place before the NDAA's enactment, the Board has since determined that the new statutory provision applies retroactively. *Salazar v. Department of Veterans Affairs*, 2022 MSPB 42, ¶ 21. As there is nothing in the record to suggest that the appellant's principal job function was to regularly investigate and disclose wrongdoing, we find that her disclosures were not subject to a higher burden of proof under 5 U.S.C. § 2302(f), even if they were made during the normal course of her duties. *See Salazar*, 2022 MSPB 42, ¶ 22.

had knowledge of the appellant's disclosure. Thus, we agree with the administrative judge that, with regard to her protected disclosure, the appellant failed to establish the contributing factor standard under the knowledge/timing test.

¶14    However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor standard. *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). If an administrative judge determines that an appellant has failed to satisfy the knowledge/timing test, she should consider other evidence, such as: (1) evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action; (2) whether the whistleblowing was personally directed at the proposing or deciding officials; and (3) whether these individuals had a desire or motive to retaliate against the appellant. *Id*. Any weight given to the whistleblowing disclosure, either alone or in combination with other factors, can satisfy the contributing factor standard. *Id*.

¶15    Upon finding that the appellant did not meet the contributing factor standard under the knowledge/timing test, the administrative judge should have proceeded to address the *Dorney* factors as discussed above. We further note that the first *Dorney* factor, i.e., evidence pertaining to the strength or weakness of the agency's reasons for taking the personnel action, may be of particular importance in this case given the agency's failure to prove any of the charges underlying the appellant's proposed removal. *See Honse v. Department of Veterans Affairs*, MSPB Docket No. SF-0752-17-0400-I-1, Initial Decision (Sept. 29, 2017; finality date November 3, 2017). Accordingly, on remand, the administrative judge should reassess whether, in light of the *Dorney* factors, the appellant established by preponderant evidence that her protected disclosure was a contributing factor in either or both of the contested personnel actions. While we do not anticipate that this issue will itself require further development of the record, the administrative judge should nonetheless consider any relevant evidence that may arise during the additional proceedings regarding the appellant's OIG complaint.

We vacate the administrative judge's alternative finding that the agency proved by clear and convincing evidence that it would have imposed a 7-day suspension in the absence of the appellant's whistleblowing.

¶16    As noted, only if the appellant establishes a prima facie case of retaliation for whistleblowing does the burden shift to the agency to prove by clear and convincing evidence that it would have taken the personal action absent the appellant's protected activity. *Lu*, 122 M.S.P.R. 335, ¶ 7. Here, however, having determined that the appellant did not establish a prima facie case of retaliation, the administrative judge considered whether the agency met its clear and convincing evidence burden with regard to the 7-day suspension. This was error. *See Scoggins*, 123 M.S.P.R. 592, ¶ 28. Accordingly, we vacate that portion of the initial decision finding that the agency proved by clear and convincing evidence that it would have suspended the appellant for 7 days absent her protected disclosure.

The appellant's allegation of error by her attorney provides no basis to grant the petition for review.

¶17    The appellant's claim of inadequate representation does not constitute a basis for reversing the initial decision. *Sparks v. Department of the Interior*, 62 M.S.P.R. 369, 371 (1994). Even if true that her representative did not conduct the hearing thoroughly, the presence of inadequate counsel is not a basis for reversal. The appellant is held responsible for the action or inaction of her counsel. *See Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981) (finding that the appellant is responsible for the errors of his chosen representative).

## ORDER

¶18     For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:        *Jennifer Everling*
                               _____
                               Jennifer Everling

Washington, D.C.