**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DAVID FARRINGTON,<br>              Appellant, | DOCKET NUMBER<br>DC-1221-18-0532-W-1 |
| v. | |
| DEPARTMENT OF STATE,<br>              Agency. | DATE: April 25, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

David Farrington, Houston, Texas, pro se.

Henry Azar, Marianne Perciaccante, and Michael Dennis, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant is a Special Agent in the agency's Bureau of Diplomatic Security (DS). Initial Appeal File (IAF), Tab 1 at 1, 28, Tab 12 at 4. He filed a complaint with the Office of Special Counsel (OSC) alleging that a certain agency official, the Director of DS's Overseas Criminal Investigations (OCI) Division, prevented his selection for two bid assignments in the Foreign Service in retaliation for his protected whistleblowing activities. IAF, Tab 1 at 28-29. Specifically, he claimed that he was not selected for either his desired bid assignment of Assistant Regional Security Officer-Investigator (ARSO-I) in Cairo, Egypt, or his desired bid assignment of ARSO-I in Matamoros, Mexico, due to his filing of an IRA appeal at the Board in 2015 and multiple grievances raising whistleblower retaliation between 2012 and 2015. *Id.* OSC issued the appellant a close-out letter informing him that it was closing the file on his complaint and advising him of his right to file a Board appeal. *Id.* at 27. This appeal followed.

The administrative judge issued an order explaining the appellant's burden to establish jurisdiction over an IRA appeal and directing him to submit evidence and argument supporting his claim. IAF, Tab 3. Both parties replied. IAF, Tabs 10, 12. Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 1 at 2, Tab 18, Initial Decision (ID) at 1. She found that the appellant failed to show that he exhausted his administrative remedies before OSC because he did not submit a copy of his OSC complaint or any other statement summarizing his complaint. ID at 4. She further found that the appellant failed to provide sufficient details to nonfrivolously allege that he engaged in protected whistleblowing activity that was a contributing factor in his nonselections. ID at 4-5.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 3. The agency has filed a response in opposition. PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in an IRA appeal, an appellant generally must show by preponderant evidence that he exhausted his administrative remedies before OSC, and make nonfrivolous allegations that (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).[2] *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. Once an appellant establishes jurisdiction over his IRA appeal, he is entitled to a hearing on the merits of his claim, which he must prove by preponderant evidence. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015). For the reasons discussed below, we find that the appellant established Board jurisdiction over his IRA appeal.

The appellant exhausted his administrative remedies before OSC.

Under 5 U.S.C. § 1214(a)(3), an employee is required to seek corrective action from OSC before seeking corrective action from the Board. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). The Board may only consider those disclosures of information and personnel actions that the appellant raised before OSC. *Id.* The substantive requirements of exhaustion are met when an appellant has provided OSC with a sufficient basis to pursue an investigation. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10.

---

[2] The alleged personnel actions at issue here took place in 2015. IAF, Tab 1 at 28. On December 12, 2017, the National Defense Authorization Act for Fiscal Year 2018 (NDAA), Pub. L. No. 115-91, 131 Stat. 1283, was signed into law. Section 1097 of the NDAA amended various provisions of title 5 of the United States Code. Our decision to remand this appeal would be the same under both pre- and post-NDAA law.

Here, on March 13, 2018, OSC informed the appellant of its preliminary determination not to take action on his complaint and provided him with an opportunity to respond. IAF, Tab 1 at 27. On March 22, 2018, the appellant responded, providing an 11-page letter plus attachments that detailed the specific allegations of his whistleblowing complaint against the agency concerning the nonselections for the two ARSO-I positions at issue. *Id.* at 11-26. In its subsequent close-out letter, OSC stated that it considered his March 22, 2018 letter in deciding to close his case. *Id.* at 27. The appellant included a copy of the March 22, 2018 letter to OSC with his initial appeal and it raised all of the same claims of whistleblower retaliation concerning the nonselections for the two ARSO-I positions that the appellant raised before the Board in response to the administrative judge's jurisdictional notice. *Compare* IAF, Tab 1 at 11-26, *with* Tab 10 at 141-57. Accordingly, we find that the appellant demonstrated that he exhausted his administrative remedies before OSC concerning the nonselections for the two ARSO-I positions. *See Rice v. Department of Agriculture*, 97 M.S.P.R. 501, ¶ 5 (2004) (finding that the appellant exhausted his administrative remedies regarding personnel actions taken after his initial OSC complaint because he submitted evidence concerning the personnel actions to OSC before it terminated its investigation).

The appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)((9)(A)(i).

Pursuant to the Whistleblower Protection Enhancement Act (WPEA), with exceptions not applicable here, an employee may seek corrective action in an IRA appeal for any personnel action taken after its December 27, 2012 enactment as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). *See* 5 U.S.C. § 1221(a); *Miller v. Federal Deposit Insurance Corporation*, 122 M.S.P.R. 3, ¶¶ 14-15 (2014), *aff'd*, 626 F. App'x 261 (Fed. Cir. 2015). Under 5 U.S.C. § 2302(b)(9)(A)(i), an employee engages in protected activity when he exercises any appeal, complaint, or grievance with regard to

remedying a violation of 5 U.S.C. § 2302(b)(8).[3]  *See Miller*, 122 M.S.P.R. 3, ¶ 14.  Here, the appellant alleges that he engaged in protected activity when he filed an IRA appeal with the Board in 2015 and several grievances between 2012 and 2015 that raised allegations of whistleblower retaliation.  IAF, Tab 1 at 15, Tab 10 at 5-7, 9, 24, 79-83; *see Farrington v. Department of State*, MSPB Docket No. DA-1221-15-0371-W-1, Initial Decision (Aug. 19, 2015) (dismissing his IRA appeal as settled).  Because the alleged personnel actions here took place after the WPEA's enactment, we find that the appellant nonfrivolously alleged that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(A)(i).  *See Miller*, 122 M.S.P.R. 3, ¶ 15.

The appellant nonfrivolously alleged that the agency subjected him to a personnel action.

Here, the appellant alleged that the agency subjected him to a personnel action when it did not select him for either of his two desired bid assignments. IAF, Tab 1 at 28-29.  The agency claimed, however, that it did not subject him to a personnel action under section 2302(a)(2)(A) because the appellant withdrew his name from consideration prior to the selections in both assignments when he accepted a handshake for another position.[4]  IAF, Tab 12 at 9.  Specifically, the agency claimed that the appellant accepted a handshake for an Assistant Regional Security Officer (ARSO) position in Paris, France, on October 7, 2015, and that, as a result, his bids on the ARSO-I positions in Cairo and Matamoros were closed.  *Id.* at 6, 13-14.  It further stated that the selection for the Cairo position was made on December 11, 2015, and that the selection for the Matamoros position was made on January 29, 2016.  *Id.* at 6.

---

[3] Under 5 U.S.C. § 2302(b)(8), it is a prohibited personnel practice to take certain personnel actions against an employee because of certain protected disclosures.

[4] A handshake is an offer made by a bureau of the agency to a candidate for a position within that bureau.  When a candidate accepts the offer, the candidate's Career Development Officer records the acceptance and any other bids by the candidate for other positions are closed out.  IAF, Tab 10 at 98, n.1.

The appellant alleged, however, that he accepted the handshake for the ARSO position in Paris because he had already been informed that he was not in consideration for the Cairo ARSO-I position. IAF, Tab 10 at 12, 89-90, 149. Indeed, the appellant submitted an email from the OCI manager, who he alleged had significant input into the selection decisions, to his Career Development Officer, dated September 11, 2015, stating that he "really can't support him at this point" for the Cairo ARSO-I position because what he had heard about the appellant "has not been positive." *Id.* at 89. The OCI manager further stated that he would be "happy to reconsider" the appellant for the assignment if the appellant contacted him and provided references. *Id.* The appellant alleged that he believed that the OCI manager's "mind was made up" and that he did not have a chance at being selected for either position. *Id.* at 149. Thus, we find that the appellant has nonfrivolously alleged that the agency had already determined that he would not be selected for the ARSO-I positions prior to his acceptance of the handshake for the Paris ARSO position. *See Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1369 (Fed. Cir. 2020) (stating that "[t]he Board may not deny jurisdiction by crediting the agency's interpretation of the evidence as to whether the alleged disclosures fell within the protected categories or whether the disclosures were a contributing factor to an adverse personnel action."). We therefore find that the appellant nonfrivolously alleged that he was subjected to a personnel action under 5 U.S.C. § 2302(a)(2)(A). *See Johnson v. Department of Health and Human Services*, 87 M.S.P.R. 204, ¶ 9 (2000) (finding that a nonselection is a covered personnel action under section 2302(a)(2)(A)).

<u>The appellant nonfrivolously alleged that his protected activity was a contributing factor in the agency's decision to take a personnel action against him.</u>

To satisfy the contributing factor criterion, an appellant need only raise a nonfrivolous allegation that the fact or content of the protected disclosure or the protected activity was one factor that tended to affect the personnel action in any way. *See Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶¶ 13-14

(2016). One way to establish this criterion is the knowledge-timing test, under which an employee may nonfrivolously allege that the disclosure or activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official taking the personnel action knew of the disclosure or activity, and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure or activity was a contributing factor in the personnel action. *See id.*

The appellant alleged that the OCI Director, who he named as a responsible management official in his grievances and IRA appeal, encouraged the panel and the OCI manager not to select him for the Cairo and Matamoro ARSO-I positions in reprisal for engaging in protected activity. IAF, Tab 10 at 12, 32-33. At the outset, the appellant produced a document in which the OCI Director admitted to speaking with the individuals responsible for selecting the ARSO-I positions in Cairo and Matamoros specifically regarding their selections. *Id.* at 112-13. In addition, the appellant submitted an email from his Career Development Officer instructing him to contact the OCI Director directly if he wanted to consult someone other than the OCI manager about trying to secure the Cairo ARSO-I position. *Id.* at 95. He also submitted an email concerning his bid for the Cairo ARSO-I position from a Human Resources official to the OCI manager, which the OCI manager then forwarded to the OCI Director. *Id.* at 88. Based on the foregoing, we find that the appellant nonfrivolously alleged that the OCI Director had influence over the selection decision for the ARSO-I Cairo position. *See Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶¶ 15-17 (2016) (finding, despite the appellant's lack of specificity, that he nonfrivolously alleged that his protected disclosures were a contributing factor in the nonselection at issue given, among other things, the nature of nonselections in which much of the information concerning the selection process is exclusively within the agency's possession).

The appellant further alleged that the OCI Director was aware of his protected activity, and produced an agency email showing that he was consulted during the discovery phase of one of the grievances against him.  IAF, Tab 10 at 10-12, 106.  He additionally alleged that he used his grievances to obtain evidence through the discovery process about the OCI Director's alleged corrupt behavior and that he submitted that evidence in his 2015 Board appeal.  *Id.* at 13. The appellant settled his grievances and Board appeal on August 18, 2015. *Id.* at 83.  He learned that he was no longer in consideration for the Cairo ARSO-I position on September 11, 2015.  *Id.* at 89.  Under these circumstances, we find that the appellant has nonfrivolously alleged that the nonselections occurred within a period of time such that a reasonable person could conclude that his protected activity was a contributing factor in the nonselections under the knowledge-timing test.  *See Schnell v. Department of the Army*, 114 M.S.P.R. 83, ¶ 22 (2010) (finding that a personnel action taken within approximately 1 to 2 years of the appellant's disclosures satisfies the knowledge-timing test); *see also Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶¶ 21-23 (2013).

Although the agency argued that the appellant failed to prove that the OCI Director or anyone involved in the selection decisions on his bids for the ARSO-I positions were negatively influenced by his whistleblowing activities, the appellant need only make a nonfrivolous allegation that his protected activity was a contributing factor in the nonselections at this stage.  IAF, Tab 12 at 4-10; *see Mason*, 116 M.S.P.R. 135, ¶ 26.  We find that he has met this burden as to the Cairo ARSO-I position.  Accordingly, the appellant is entitled to a hearing on the merits of his IRA appeal.  *See Salerno*, 123 M.S.P.R. 230, ¶ 14.

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this remand order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.