## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL ANDREW SMITH, SR.,
                Appellant,

      v.

DEPARTMENT OF HOMELAND
    SECURITY,
                Agency.

DOCKET NUMBER
AT-1221-21-0205-W-1

DATE:  May 3, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael Andrew Smith, Sr., Palm Coast, Florida, pro se.

Ownie Eng, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant, a Security Specialist serving as a term employee for the Federal Emergency Management Agency (FEMA), filed this IRA appeal in which he alleged, among other things, that the agency had suspended him for more than 14 days, gave him a negative suitability determination, denied him training, and restricted his deployments. Initial Appeal File (IAF), Tab 1 at 1, 3. He indicated that he filed a whistleblowing complaint with the Office of Special Counsel (OSC) and included OSC's letter closing its investigation, recounting his allegations that the agency, among other things, improperly demobilized him in 2019. *Id.* at 7.

The administrative judge issued a jurisdictional order explaining to the appellant the burdens and elements he must meet to establish jurisdiction over his IRA appeal and receive a hearing on his allegations of whistleblower retaliation. IAF, Tab 3 at 1-7. He ordered the appellant to file a statement, accompanied by evidence, listing the following: (1) your protected disclosure(s) or activity(ies); (2) the date(s) you made the disclosure(s) or engaged in the activity(ies); (3) the individual(s) to whom you made any disclosure(s); (4) why your belief in the truth of any disclosure(s) was reasonable; (5) the action(s) the agency took or failed to take, or threatened to take or fail to take, against you because of your disclosure(s) or activity(ies); (6) why you believe a disclosure or activity, or a perception of such a disclosure or activity, was a contributing factor to the action(s); and (7) the date of your complaint to OSC, the matters you raised in it and any amendments, and the date that OSC notified you it was terminating its investigation of your complaint, or if you have not received such notice, evidence that 120 days have passed since you filed your complaint with OSC. *Id.* at 7-8. The appellant filed four submissions in response. IAF, Tabs 9-12. The submissions included his correspondence with an OSC attorney about the appellant's allegations. IAF, Tab 12 at 4-12.

The administrative judge found that the appellant's response was not sufficiently specific and focused to allow him to make a jurisdictional determination, and he ordered the appellant to file a 1-page submission for each of the alleged protected disclosures described in OSC's closure letter, using this prescribed format:

> **Disclosure No. ___**
>
> 1. Date of disclosure:
>
> 2. Information disclosed:
>
> 3. Disclosure made to:
>
> 4. Disclosure evidences: (a) violation of law, rule, regulation; (b) gross mismanagement; (c) gross waste of funds; (d) abuse of authority; and/or (e) a substantial and specific danger to public health or safety:
>
> 5. Basis for each category of wrongdoing listed in response to # 4 above:
>
> 6. Evidence supporting response to # 5 above **(Do not resubmit previously-provided evidence; refer to it by location in your previous submissions [e.g., "Board Appeal File, Tab __, page ___"]. Attach only new evidence.)**
>
> 7. Agency personnel action(s) taken (or not taken) because of this disclosure:
>
> 8. Agency personnel involved in the personnel action(s) referenced in # 7 above;
>
> 9. Basis for your belief that person(s) listed in response to # 8 was/were aware of this disclosure prior to taking personnel action(s) listed in response to # 7 above.
>
> 10. Evidence supporting response to # 10 above. **(Do not resubmit previously provided evidence; refer to it by location in your previous submissions [e.g., "Board Appeal File, Tab __, page ___"]. Attach only new evidence.)**

IAF, Tab 13 at 1-2 (emphasis in original). The administrative judge warned the appellant that a failure to comply with his order could result in the imposition of sanctions. *Id.* at 2. In response, the appellant submitted a narrative response and five separate 1-page submissions concerning his purported disclosures, but he did

not use the administrative judge's prescribed format. IAF, Tabs 16-20. The agency also filed a response to the order to show cause. IAF, Tabs 22-24.

The administrative judge subsequently issued a second order to show cause, again ordering the appellant to file a 1-page submission in a prescribed format for each of the alleged protected disclosures described in OSC's closure letter. IAF, Tab 25 at 1-2. As a sanction for the appellant's failure to follow the instructions in his first show cause order, the administrative judge did not consider the appellant's responses to it. IAF, Tabs 16-20, Tab 25 at 1. He warned the appellant that another failure to follow his instructions may result in the imposition of further sanctions, up to and including dismissal of the appeal for failure to prosecute. IAF, Tab 25 at 2. The appellant subsequently filed four single-page responses, but he once again failed to use the administrative judge's prescribed format. IAF, Tabs 26-29.

The administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 30, Initial Decision (ID) at 1. He observed that the appellant had failed to appropriately respond to his orders to submit evidence and argument to explain why his appeal should not be dismissed for lack of jurisdiction. ID at 5-6. The administrative judge found that this was a failure to exercise basic due diligence in complying with Board orders, and he dismissed the appeal for failure to prosecute on that basis. ID at 6.

In his petition for review, the appellant asserts that he thought that the submissions he made in response to the administrative judge's first order to show cause were in compliance with the administrative judge's instructions. Petition for Review (PFR) File, Tab 1 at 4. The appellant claims that he asked for a telephone conference to, among other things, clarify the administrative judge's instructions and find out how his submissions fell short, but the administrative judge denied his request. PFR File at 5-6, 14. The appellant asserts that he then rewrote and submitted four disclosures that he also thought were in compliance with the administrative judge's instructions. *Id.* at 6. The appellant also makes

arguments concerning his purported disclosures and the employment status of FEMA reservists like himself. *Id.* at 6-9.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in an IRA appeal, an appellant must show by preponderant evidence that he exhausted his remedies before OSC, and make nonfrivolous allegations that: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is one that: (1) is more than conclusory; (2) is plausible on its face; and (3) is material to the legal issues in the appeal. 5 C.F.R. § 1201.4(s). In cases involving multiple alleged protected disclosures and personnel actions, an appellant establishes Board jurisdiction over his IRA appeal when he makes a nonfrivolous allegation that at least one alleged personnel action was taken in reprisal for at least one alleged protected disclosure.[2] *Baldwin v. Department of Veterans Affairs*, 113 M.S.P.R. 469, ¶ 6 (2010).

As explained above, the administrative judge dismissed the appeal for failure to prosecute. ID at 1. In reaching that conclusion, the administrative judge explained that the appellant failed to comply with the specific requirements of three separate Board orders. ID at 6; IAF, Tabs 3, 13, 25. The administrative judge did not consider the appellant's deficient narrative responses, in part as a sanction for failing to use the prescribed format in response to the first order to

---

[2] An understanding of the nature of the Board's jurisdiction over IRA appeals, such as this, could help the appellant file the necessary information. Among other things, the Board lacks the authority to investigate agency wrongdoing; the Board's jurisdiction is limited to claims that an agency took or failed to take a personnel action in reprisal for protected disclosures and activities.

show cause. IAF, Tab 25 at 1. The administrative judge ultimately dismissed the appeal because of the appellant's failure to follow his prescribed format, notably without considering any of the allegations described in the appellant's correspondence with OSC. ID at 4-6; IAF, Tab 1 at 7-8, Tab 12 at 4-16.

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Ahlberg v. Department of Health and Human Services*, 804 F.2d 1238, 1242 (Fed. Cir. 1986); 5 C.F.R. § 1201.43(b). Although the regulation at 5 C.F.R. § 1201.43(b) does not set forth guidelines for applying this sanction, the Board has held that such a severe sanction must only be used when necessary to serve the ends of justice, for example, when a party has failed to exercise basic due diligence in complying with an order, or has exhibited negligence or bad faith in his efforts to comply. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 7 (2011) (quoting *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000)). By contrast, an appeal should not be dismissed for failure to prosecute when, for example, a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears to be confused by Board procedures. *Id*.

Although the appellant restricted the discussion of each of his alleged disclosures to 1 page after he was instructed to do so, the administrative judge was correct to note that the appellant failed to actually comply with the instructions in his jurisdictional order. *Compare* IAF, Tab 13 at 2, *with* IAF, Tabs 16-20, 26-29. Rather than comply with the administrative judge's instructions, the appellant appears to have distilled his narrative response into single-page segments. IAF, Tabs 9-12, 16-20, 26-29.

However, the sanction of dismissal was not appropriate under the circumstances. The cases that the administrative judge cited in support of his imposition of sanctions are distinguishable in that the appellants in each of those cases simply did not respond at all. ID at 5; *see Ahlberg*, 804 F.2d at 1242

(noting that the petitioners failed to file any response to the presiding official's order); *Williams*, 116 M.S.P.R. 377, ¶ 10 (observing that the regional office sent three orders to which the appellant made "no attempt to respond"); *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 9 (2007) (describing the appellant's "total failure" to respond to the administrative judge's orders); *Murdock v. Government Printing Office*, 38 M.S.P.R. 297, 299 (1988) (observing that the appellant completely failed to reply to the administrative judge's orders). Here, the appellant responded to each of the administrative judge's orders. IAF, Tabs 3, 9-13, 16-20, 25-29. We disagree with the administrative judge that the appellant failed to show basic due diligence in his efforts to properly comply. The appellant responded in apparent good faith to the administrative judge's order with single-page submissions, but the lack of clarity in his submissions illustrates the importance of following the instructions provided in the administrative judge's order. IAF, Tab 13 at 2. Moreover, the appellant argues on review that he sought a telephone conference with the administrative judge in an effort to understand the instructions, and how his prior submissions were not responsive, but the administrative judge denied the request as unnecessary. PFR File, Tab 1 at 5-6, 14. Thus, even though the administrative judge found that the appellant failed to respond to three separate Board orders directing him to submit evidence and argument to meet his jurisdictional burden, ID at 5-6; IAF, Tabs 3, 13, 25,[3] the record shows that after each order the appellant filed submissions in response, IAF, Tabs 10-12, 15-20, 26-29. Additionally, most of those submissions consisted of a single page, in keeping with that portion of the administrative judge's instructions, if not following the exact format specified. IAF, Tab 13 at 1, Tabs 16-20, 26-29.

We observe that the administrative judge appears to be sanctioning the appellant for failing to follow his instructions, rather than for a failure to

---

[3] Although there are three separate orders involved here, the second two are essentially the same order, with harsher warnings in the third one for disregarding the instructions therein. IAF, Tabs 3, 13, 25.

prosecute the appeal. Concerning an appellant's failure to follow instructions for pleadings, the Board has dismissed a petition for review for failure to prosecute, based on an appellant's repeated failure to comply with the Board's regulations and the directions of the Clerk of the Board. *Morris v. Department of the Navy*, 123 M.S.P.R. 662, ¶ 14 (2016) (finding that the appellant failed to exercise due diligence when he was "noncompliant in a substantial way, on four occasions," when his pleading exceeded the regulatory page limit by approximately 200 pages). As described above, the appellant's failure to follow the administrative judge's instructions in this appeal is limited to his failure to follow the specific format prescribed for his single-page submissions, as set forth in the administrative judge's first order to show cause. IAF, Tab 13 at 2. It does not resemble the bad faith shown by the appellant in *Morris*.

As noted above, the severe sanction of dismissal for failure to prosecute should not be imposed when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears to be confused by Board procedures. *Williams,* 116 M.S.P.R. 377, ¶ 7. The appellant here did not exhibit bad faith or indicate that he intended to abandon his appeal. Moreover, he asked for help understanding the administrative judge's instructions but was denied the opportunity. Dismissing an appeal by a pro se appellant for failure to prosecute when the appellant did not demonstrate bad faith in his attempts to respond, and was denied a requested telephone conference to help him to comply with those instructions, is an abuse of discretion. *See Williams*, 116 M.S.P.R. 377, ¶ 7.

Also, the administrative judge failed to consider any of the allegations described in the appellant's correspondence with OSC concerning his reprisal claim. IAF, Tab 1 at 7-8, Tab 12 at 4-16. This evidence may have helped the administrative judge to better understand the appellant's assertions.

<u>On remand, the appellant must comply with the administrative judge's order and meet his jurisdictional burden.</u>

The appellant's correspondence with OSC contains the most succinct recitation of the appellant's claims. IAF, Tab 1 at 7-8, Tab 12 at 4-16. For example, in that correspondence, the appellant noted his allegation that he had been demobilized early from an assignment in Puerto Rico in retaliation for reporting that a housing project employee had forgotten to return her FEMA visitor badge, and that the agency's subsequent withholding of his appraisal from that assignment impeded his application for another position. IAF, Tab 12 at 4. A claim that a FEMA reservist was demobilized is a personnel action for the purposes of an IRA appeal. *Jessup v. Department of Homeland Security,* 107 M.S.P.R. 1, ¶ 9 (2007). The appellant also alleged that he reported to the agency's Office of Professional Responsibility (OPR) that some employees, including one of his supervisors, improperly ran a private security company, and that he suffered retaliation for making that disclosure by, among other things, receiving an unsatisfactory performance rating. IAF, Tab 12 at 6.

Nevertheless, it remains unclear what allegations of reprisal for protected disclosures and activities the appellant intends to pursue in the instant IRA appeal and whether those allegations are within the Board's jurisdiction. On remand, the administrative judge should conduct a telephone conference with the appellant and the agency's representative and should answer the appellant's questions about how to comply with his jurisdictional order.[4] The administrative judge should consider any response that the appellant makes, in concert with explicit findings as to the disclosures and personnel actions alleged in the appellant's correspondence with OSC, and issue a new initial decision concerning the appellant's IRA appeal.

---

[4] The administrative judge shall document the contents of this telephone conference in a summary served on the parties and shall afford the parties at least 5 business days to object to that summary.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.