# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARGARET MCGUINN,
             Appellant,

     v.

DEPARTMENT OF AGRICULTURE,
             Agency.

DOCKET NUMBER
DE-1221-19-0441-W-1

DATE: July 5, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erin Martinez, El Paso, Texas, for the appellant.

Ryan Broich, Saint Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied corrective action in her individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant is a GS-12 Loan Specialist (also known as "Area Specialist") for the agency's Rural Development Administration, stationed at Las Cruces, New Mexico. Initial Appeal File (IAF), Tab 1 at 1, Tab 10 at 24. Prior to October 28, 2018, the appellant performed duties associated with the agency's Multifamily Housing Program. IAF, Tab 10 at 21. This program provides financing for businesses to build and purchase multifamily residential buildings to house low-income rural residents. Hearing Transcript, Day 1 (Tr. 1) at 8-9 (testimony of the State Director for Rural Development (State Director)). Agency loans and guarantees are conditioned on the financed buildings meeting certain code requirements, so the agency will conduct periodic property inspections to ensure compliance. *Id*. at 10-12 (testimony of the State Director). The appellant's major job duties included performing these inspections and working with the housing managers and owners to address problems. *Id*. at 8-9 (testimony of the State Director). According to the State Director, the residents of these projects were very poor, and it was the appellant's "responsibility to make sure

that they had a good place to live, but she had to work with the people who actually owned the properties." *Id.* at 9 (testimony of the State Director).

On or about October 16, 2018, the appellant received an annual performance rating of "unacceptable." IAF, Tab 10 at 24. This summary rating was the result of a rating of "Does Not Meet Fully Successful" in the critical element of "Customer Perspective," which pertains to the quality of working relationships that the employee maintains with customers.[2] *Id.* at 24, 28-30. Citing the appellant's performance rating, the agency laterally reassigned her to another GS-12 Loan Specialist position in Las Cruces, this time performing duties associated with Business Programs. *Id.* at 21-23.

The appellant filed a complaint with the Office of Special Counsel (OSC), alleging that her performance rating and reassignment were in retaliation for a protected disclosure and for refusing to obey an order that would require her to violate a regulation. IAF, Tab 1 at 11-24. OSC closed its investigation without taking corrective action, and the appellant filed an IRA appeal. *Id.* at 3-5, 10. The administrative judge found that the appellant established jurisdiction over her appeal, and he scheduled the case for a hearing. IAF, Tabs 12, 20.

After the hearing, the administrative judge issued an initial decision denying the appellant's request for corrective action on the merits. IAF, Tab 33, Initial Decision (ID) at 1. He found that the appellant failed to prove by preponderant evidence that she engaged in or was perceived to have engaged in activity protected under 5 U.S.C. § 2302(b)(8) or 5 U.S.C. § 2302(b)(9)(D). ID at 7-15.

The appellant has filed a petition for review, disputing the administrative judge's analysis of her perceived whistleblower claim. Petition for Review (PFR) File, Tab 1. The agency has filed a response. PFR File, Tab 3.

---

[2] "Customers" in this context refers to the owners and managers of the subject properties. IAF, Tab 33, Initial Decision at 3.

**ANALYSIS**

In the merits phase of an IRA appeal, the appellant has the burden of proving by preponderant evidence that she engaged in protected activity described under 5 U.S.C. § 2302(b)(8) or (b)(9)(A)(i), (B), (C), or (D), and that this activity was a contributing factor in a personnel action as described under 5 U.S.C. § 2302(a)(2)(A). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). The appellant does not contest the administrative judge's finding that she did not actually engage in protected activity. However, she maintains that she is entitled to corrective action because the agency *perceived* her as a whistleblower. PFR File, Tab 1 at 9-11. An individual who is perceived as a whistleblower is entitled to the protections of the whistleblower protection statutes regardless of whether she has actually engaged in protected activity. *King v. Department of the Army*, 116 M.S.P.R. 689, ¶¶ 6, 8 (2011). To prove that she was perceived as a whistleblower, an appellant must show that the responsible management officials believed that she engaged in or intended to engage in protected activity. *Id.*, ¶ 8. In these cases, the issue of whether the agency perceived the appellant as a whistleblower will essentially stand in for the "engaged in protected activity" portion of the analysis. *Id.*

The central event underlying the appellant's theory of the case occurred on September 13, 2018, about a month before her performance evaluation was issued. On that date, the appellant had a meeting with the State Director and her first- and second-level supervisors. Tr. 1 at 27, (testimony of the State Director), 120 (testimony of the first-level supervisor), 163 (testimony of the second-level supervisor), 194 (testimony of the appellant). The participants at the meeting addressed numerous performance issues, most notably complaints about the appellant that the State Director had recently received from four different customers during a conference. IAF, Tab 10 at 16, 18; Tr. 1 at 27-28 (testimony of the State Director). According to the State Director, and as confirmed in subsequent written correspondence, the complaints all pertained to the appellant's

confrontational and accusatory behavior toward customers regarding perceived code violations, as well as her alleged discourtesy toward tenants and customer employees during site visits. IAF, Tab 10 at 19-21, 34-39; Tr. 1 at 29-31 (testimony of the State Director). It is undisputed that during this meeting, the State Director told the appellant that the customers were unhappy with her and that she should reconsider how she approached them, to which the appellant replied "are you asking me to break the law?," and the State Director responded, "no" but that he wanted her to follow the "spirit" of the law and regulations, and to do so in a respectful and professional manner. ID at 4; IAF, Tab 10 at 16-18; Tr. 1 at 102-03 (testimony of the State Director), 121-22 (testimony of the first-level supervisor); 165-66 (testimony of the second-level supervisor), 199 (testimony of the appellant). The appellant also testified that she told the State Director that "if he wanted me to do something other than what was in the regulation, or the law, or my job description, I needed that in writing." Tr. 1 at 199 (testimony of the appellant). According to the appellant, the State Director was angered by that remark. *Id.* (testimony of the appellant).

The appellant's theory of the case is that, based on this exchange, the agency perceived her as engaging in activity protected under 5 U.S.C. § 2302(b)(8) by pointing out that the State Director abused his authority or violated a law, rule, or regulation when he ordered her to violate the law for the benefit of his industry acquaintances. Based on these same facts, the appellant argues that she was perceived to have engaged in activity protected under 5 U.S.C. § 2302(b)(9)(D) by refusing to obey this order.[3] IAF, Tab 5 at 5-6; ID at 9-10. The administrative judge found that the appellant failed to prove that she was

---

[3] The Board has not addressed whether individuals are protected under whistleblower protection statutes from reprisal for perceived protected activity under 5 U.S.C. § 2302(b)(9)(D). *See Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶¶ 9-12 (2016) (finding the Board has jurisdiction to consider a claim of reprisal for perceived 5 U.S.C. § 2302(b)(9)(C) activity), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. In any event, because we agree with the administrative judge that the appellant failed to prove she was perceived to have engaged in such activity, we find it unnecessary to reach this issue.

perceived as a whistleblower under either theory, essentially because the State Director's instructions to her could not reasonably be construed as requiring a violation of a law, rule, or regulation. ID at 13-15.

On petition for review, the appellant argues that the administrative judge "failed to consider the perceived whistleblowing by the agency based upon timing of the prohibited personnel practices by the agency." PFR File, Tab 1 at 4. Specifically, she alleges that, within days of the September 13, 2018 meeting in which she declined to violate Federal law, the agency received four written customer complaints, which was the exact number required for an "unacceptable" rating in the critical element of Customer Perspective. *Id.* at 8-11. She states that this timing was highly suspicious because she had been working with these customers for years without any of them ever filing a complaint about her until that moment. *Id.* In other words, "not until the appellant refused to be lenient as instructed by [the State Director] did the stakeholders have issue with the appellant's customer service." *Id.* at 10. The appellant concludes, "The timing of the four complaint letters along with the unacceptable rating demonstrates that the agency perceived the appellant as a whistleblower after she refused to be more lenient and demanded that [the State Director] provide her that instruction in writing." *Id.* at 10-11. For the following two reasons, we disagree.

First, the law does not support a finding of perceived whistleblowing based on the suspicious timing of events. As the appellant correctly argues, the focus of the analysis is whether the relevant agency officials believed that the appellant engaged or intended to engage in protected activity. PFR File, Tab 1 at 10; *see King*, 116 M.S.P.R. 689, ¶ 8. There are several fact patterns that may support a finding of perceived whistleblowing, but the evidence that the Board has found to support such findings is generally restricted to things that agency officials said or information about the appellant that they received. *E.g.*, *King*, 116 M.S.P.R. 689, ¶ 15 (stating that in cases involving allegations that an appellant was perceived as a whistleblower, the Board focuses on the agency's perceptions, i.e., whether the

agency officials involved in the personnel actions at issue believed that the appellant made or intended to make disclosures that evidenced the type of wrongdoing listed under 5 U.S.C. § 2302(b)(8)); *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 33 (2011) (citing an appellant's email to an agency official that he was asserting his rights as a whistleblower who had reported fraud, waste, and abuse, as evidence that the agency perceived the appellant as a whistleblower), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012); *Juffer v. U.S. Information Agency*, 80 M.S.P.R. 81, ¶¶ 16-17 (1998) (finding an appellant nonfrivolously alleged that agency management perceived her as a whistleblower based on her sworn statement that agency officials accused her of sharing embarrassing data and instructed her not to use the data until it was properly analyzed). The appellant has not identified any Board precedent, nor are we aware of any, in which timing has been cited to support a finding that an individual was a perceived whistleblower. The Board typically considers the timing of events to determine whether protected activity was a contributing factor in a personnel action. *See* 5 U.S.C. § 1221(e)(1)(B); *Agoranos v. Department of Justice*, 119 M.S.P.R. 498, ¶ 23 (2013). Timing may be indicative of causation, but it sheds no light on whether the causal event constitutes protected activity, actual or perceived.

Second, even if the timing of the customer complaints and personnel actions could be considered relevant to the issue of whether the agency perceived the appellant as a whistleblower, we disagree with the way that she has constructed the timeline on review. The record shows that the complaints predated the meeting, and not the other way around. IAF, Tab 10 at 16-18; Tr. 1 at 27-28, 31 (testimony of the State Director). As explained above, the State Director had received multiple verbal complaints about the appellant a few days before from these same customers during a conference. *Supra* pp. 4-5. The fact that the complaints were not reduced to writing and sent to the agency until sometime later is not inherently suspicious. Furthermore, the presence of all

these industry professionals at the same conference with the State Director is sufficient to explain why they all lodged their complaints at approximately the same time.

For these reasons, we find that the appellant has provided no basis to disturb the administrative judge's finding that the agency did not perceive her as a whistleblower, and we affirm the initial decision denying corrective action.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.