# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2022 MSPB 39

Docket No. DA-0752-16-0012-I-3

**Rommie Requena,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

December 6, 2022

Benjamin Wick, Esquire and Holly V. Franson, Esquire, Denver, Colorado, for the appellant.

Grant Gardner, Laredo, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## OPINION AND ORDER

¶1   The appellant has filed a petition for review of the initial decision that dismissed the appeal of her 30-day suspension and change in position under 5 U.S.C. § 7701 for lack of Board jurisdiction based on a prior election of remedies.  For the reasons set forth in this Opinion and Order, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the appeal to the regional office for further adjudication.

BACKGROUND

¶2      On October 14, 2014, the agency issued the appellant a decision notice suspending her for 30 days and changing her position from Chief Supervisory Customs and Border Protection Officer to Supervisory Customs and Border Protection Officer due to various acts of alleged misconduct.[1]  *Requena v. Department of Homeland Security*, MSPB Docket No. DA-0752-16-0012-I-1, Initial Appeal File (IAF), Tab 1 at 56-59.  The action was to take effect on October 26, 2014.  *Id.* at 57.  The notice advised the appellant of her appeal rights and stated in relevant part that if she alleged that the action was taken in reprisal for whistleblowing, then she must elect among filing an appeal with the Board under 5 U.S.C. § 7701, filing an appeal through an applicable negotiated grievance procedure if she was a member of a bargaining until, or seeking corrective action by filing a complaint with the Office of Special Counsel (OSC).  *Id.* at 57-58.  The notice added that an election would be based upon where the appellant first filed and that if she first sought corrective action with OSC, any subsequent appeal to the Board would be deemed an individual right of action (IRA) appeal, meaning the Board only would consider the claim of reprisal for whistleblowing.  *Id.* at 58.

¶3      When the agency issued the decision notice, the appellant had at least one whistleblower reprisal complaint pending with OSC.  *Requena v. Department of Homeland Security*, MSPB Docket No. DA-0752-16-0012-I-2, Appeal File (I-2 AF), Tab 8 at 12.  On October 16, 2014, the appellant contacted OSC and inquired whether she needed to file a new complaint regarding the 30-day suspension and change in position, as she claimed that the agency was taking

---

[1] In the decision notice, the agency characterized the change in positions as a demotion. *Requena v. Department of Homeland Security*, MSPB Docket No. DA-0752-16-0012-I-1, Initial Appeal File, Tab 1 at 57.  As discussed below, the exact nature of the agency action against the appellant must be addressed on remand.

these actions in reprisal for her whistleblowing. *Id.* at 12, 14. OSC advised the appellant that she need not file a new complaint, as the allegation would be considered in her ongoing complaint. *Id.* at 12. On October 19, 2014, the appellant asked OSC to investigate the agency's motives behind the suspension and change in position. I-2 AF, Tab 4 at 33, 40. The appellant requested that OSC seek a stay of that disciplinary action on October 23, 2014. *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-1, Initial Appeal File (W-1 IAF), Tab 6 at 19. OSC did so and the agency agreed to an informal stay. IAF, Tab 5 at 19; W-1 IAF, Tab 6 at 21.

¶4   On September 17, 2015, the agency advised the appellant that the stay was over and the 30-day suspension and change in position would take effect, which it did on September 20, 2015. IAF, Tab 1 at 55. On October 7, 2015, the appellant filed an appeal with the Board under 5 U.S.C. § 7701 contesting the 30-day suspension and change in position.[2] IAF, Tab 1. The appellant raised affirmative defenses, but did not include a whistleblower reprisal claim in this appeal. IAF, Tab 19 at 4.

¶5   After receiving notice from OSC that it closed her complaint regarding the 30-day suspension and change in position, the appellant proceeded to file an IRA appeal with the Board on August 8, 2016.[3] W-1 IAF, Tab 1 at 1-6, 60-62. The administrative judge joined the two appeals for adjudication, though this joinder

---

[2] The Board docketed this appeal as MSPB Docket No. DA-0752-16-0012-I-1. The appeal was dismissed without prejudice on two occasions and automatically refiled. I-2 AF, Tab 1 at 1-3, Tab 2 at 1-2; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-0752-16-0012-I-3, Appeal File (I-3 AF), Tab 1 at 1-3, Tab 4 at 1-2.

[3] The Board docketed this appeal as MSPB Docket No. DA-1221-16-0488-W-1. The appeal was dismissed without prejudice on two occasions and automatically refiled. *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-2, Appeal File, Tab 1 at 1-3, Tab 2 at 1-2; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-3, Appeal File, Tab 1 at 1-3, Tab 4 at 1-2.

would only be temporary.[4]  IAF, Tab 46 at 1-2; *infra* ¶ 6.  It appeared that the appellant elected to seek corrective action with OSC over the 30-day suspension and change in position before filing either of her Board appeals.  For this reason, the administrative judge issued a jurisdictional order on the election of remedies provision in 5 U.S.C. § 7121(g), directing the parties to respond to the order to determine whether the Board had jurisdiction over the appeal of the suspension and change in position under 5 U.S.C. § 7701, or as an IRA appeal.  IAF, Tab 45 at 3-6.

¶6        After both parties responded to the order, the administrative judge issued an initial decision dismissing this appeal for lack of Board jurisdiction.  I-2 AF, Tabs 4, 8-9; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-0752-16-0012-I-3, Appeal File (I-3 AF), Tab 27, Initial Decision (I-3 ID) at 1-14.  The administrative judge found that, after receiving notice of her election rights, the appellant made a knowing and informed binding election to seek corrective action with OSC for the 30-day suspension and change in position prior to filing an appeal with the Board.  I-3 ID at 1-14.  As a result, the administrative judge concluded that the appellant could only proceed before the Board with an IRA appeal of the suspension and change in position.  I-3 ID at 13; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-3, Appeal File (W-3 AF), Tab 30 at 2 n.3.  As noted, such an IRA appeal was pending with the administrative judge at the time of the initial decision in

---

[4] The administrative judge advised the parties to file pleadings for the joined appeals under MSPB Docket No. DA-1221-16-0488-W-1.  IAF, Tab 46 at 2.  The parties also were advised that the records of the previous appeals may be referred to throughout the adjudication of the joined appeals.  I-2 AF, Tab 2 at 1; I-3 AF, Tab 4 at 1; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-2, Appeal File, Tab 2 at 1; *Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-3, Appeal File, Tab 4 at 1; *see McLaughlin v. Office of Personnel Management*, 62 M.S.P.R. 536, 549 (1994) (noting that the administrative judge incorporated the record from previous Board appeals of the appellant into the record of the current appeal), *aff'd*, 47 F.3d 1181 (Fed. Cir. 1995) (Table).

this appeal and, although he did not specifically address the matter, by issuing the separate initial decision, the administrative judge effectively severed the previously joined appeals.[5]  The appellant's petition for review followed. *Requena v. Department of Homeland Security*, MSPB Docket No. DA-0752-16-0012-I-3, Petition for Review (PFR) File, Tab 1.  The agency responded in opposition and the appellant filed a reply.  PFR File, Tabs 4-5.

## ANALYSIS[6]

¶7      Under the 1994 amendments to the Whistleblower Protection Act, an employee subjected to an action appealable to the Board who alleges that the contested action was taken in reprisal for whistleblowing may elect to pursue a remedy through only one of the following remedial processes:  (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under an applicable negotiated grievance procedure; or (3) a complaint seeking corrective action from OSC under 5 U.S.C. §§ 1211-1222.  5 U.S.C. § 7121(g); *Johnson v. Department of Veterans Affairs*, 121 M.S.P.R. 695, ¶ 6 (2014), *aff'd*, 611 F. App'x 496 (10th Cir. 2015); *see* 5 C.F.R. § 1209.2(d)(1).  If an employee first elects to timely file an appeal with the Board under 5 U.S.C. § 7701 after being subjected to an action under chapters 43 or 75 of Title 5 of the United States Code, the burden of proof is on the agency to provide evidentiary support for its decision.  *See* 5 U.S.C. § 7701(c)(1); 5 C.F.R. § 1201.56(a), (b); *see also Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶ 11 (2010).  An employee also may raise affirmative defenses, to include a claim that the action appealable to the Board

---

[5] The appellant's IRA appeal has also come before the Board on petition for review. *See Requena v. Department of Homeland Security*, MSPB Docket No. DA-1221-16-0488-W-3, Petition for Review File, Tabs 5, 9.  We have addressed that appeal in a separate decision.

[6] We have reviewed the relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

was taken in reprisal for whistleblowing. *See* 5 U.S.C. § 7701(c)(2)(B); *Campbell v. Department of the Army*, 123 M.S.P.R. 674, ¶ 11 (2016). This is because 5 U.S.C. § 7701(c)(2)(B) states that an adverse or a performance-based action appealable to the Board may not be sustained if it is shown "that the decision was based on any prohibited personnel practice described in [5 U.S.C. §] 2302(b)." Section 2302(b)(8) prohibits reprisal against an employee for making a whistleblowing disclosure, while section 2302(b)(9) prohibits reprisal for engaging in protected activity. The process is similar when an employee elects to file a grievance under an applicable negotiated grievance procedure, assuming such procedure provides for resolving affirmative defenses. 5 U.S.C. § 7121(g); *Jones v. Department of Justice*, 87 M.S.P.R. 91, ¶ 3 (2000) (noting that the appellant raised whistleblower reprisal as an affirmative defense to his removal before an arbitrator); *see Jones v. Department of Energy*, 120 M.S.P.R. 480, ¶¶ 3-8 (2013) (recognizing that not all negotiated grievance procedures permit affirmative defenses, such as discrimination allegations), *aff'd*, 589 F. App'x 972 (Fed. Cir. 2014).

¶8        In contrast to the scenarios discussed above, if an employee who is subjected to an action otherwise appealable to the Board and claims whistleblower reprisal first elects to seek corrective action with OSC regarding the agency action, any subsequent appeal to the Board on the matter is limited to an IRA appeal, resolving the claim of reprisal for whistleblowing disclosures and activities and nothing else. *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 16 (2016); *Thompson v. Department of Justice*, 61 M.S.P.R. 364, 367 (1994); 5 C.F.R. § 1209.2(c), (d)(2). The remedy first sought by an aggrieved employee is deemed an election of that procedure and precludes pursuing the matter in other fora. *Sherman v. Department of Homeland Security*, 122 M.S.P.R. 644, ¶ 12 (2015).

¶9        The administrative judge applied these limitations to find that the instant appeal must be dismissed for lack of jurisdiction, due to the appellant's prior

election of remedies, i.e., her whistleblower reprisal complaint with OSC.  I-3 ID at 6-13.  For the reasons discussed below, we vacate the initial decision and remand this appeal for the administrative judge to determine whether the appellant is subject to the election of remedies limitations.

¶10    The controlling election of remedies statute applies to "[a]n aggrieved employee affected by" certain prohibited personnel practices.  5 U.S.C. § 7121(g)(1)-(2).  But Title 5 includes multiple distinct definitions of the term "employee."  One, at 5 U.S.C. § 2105(a), is applicable to all of Title 5, "except as otherwise provided . . . or when specifically modified."  This provision defines an "employee" as an "officer and an individual who is (1) appointed in the civil service by one" of the types of individuals enumerated in the statute acting in their official capacity; "(2) engaged in the performance of a Federal function under authority of law or an Executive act;" and (3) subject to the supervision of an authorized official while engaged in the performance of the duties of his position.  5 U.S.C. § 2105(a); *see Poole v. Department of the Army*, 117 M.S.P.R. 516, ¶ 16 (2012); *Usharauli v. Department of Health & Human Services*, 116 M.S.P.R. 383, ¶ 16 (2011); *Special Counsel v. Perkins*, 104 M.S.P.R. 148, ¶ 14 (2006).

¶11    Another definition of "employee," found at 5 U.S.C. § 7103(a), is written more narrowly.  In relevant part, this provision defines an "employee" for purposes of chapter 71 of Title 5 as including "an individual employed in an agency," but not "a supervisor or a management official."  5 U.S.C. § 7103(a)(2); *see* 5 U.S.C. § 7103(a)(10)-(11) (defining supervisor and management official).[7] This is particularly relevant because the election of remedies statute for "an

---

[7] Title 5, section 7511(a)(1) sets out yet another, different definition of "employee" that applies specifically to Title 5, chapter 75, subchapter II.  *See, e.g.*, *Bryant v. Department of the Army*, 2022 MSPB 1, ¶ 8 (discussing the definition of "employee" for purposes of adverse action appeal rights to the Board under chapter 75 of Title 5).

aggrieved employee" falls within chapter 71 and is, therefore, subject to this narrower definition of "employee" than the general definition in 5 U.S.C. § 2105(a).  5 U.S.C. § 7121(g).  As a consequence, "supervisors" and "management officials" are excepted from the election of remedies provisions described in 5 U.S.C. § 7121(g).[8]

¶12     The U.S. Court of Appeals for the Federal Circuit recognized this very issue while the instant appeal was pending on review.  In a nonprecedential decision, the court vacated a Board initial decision that had dismissed an individual's chapter 75 appeal for lack of jurisdiction due to her prior pursuit of the same matter with OSC.  *Kammunkun v. Department of Defense*, 800 F. App'x 916, 917 (Fed. Cir. 2020).[9]  The court explained that the individual at issue was a "supervisor," so she was not bound by the election of remedies provisions in 5 U.S.C. § 7121(g), or the associated regulatory provision at 5 C.F.R. § 1209.2(d).  *Id.*

¶13     We recognize that the Board's regulatory provision, 5 C.F.R. § 1209.2(d), discusses the election of remedies requirements in the statute, 5 U.S.C. § 7121(g), without expressly mentioning the applicable definition of "employee" found at 5 U.S.C. § 7103(a)(2).  Nevertheless, like the court in *Kammunkun*, we find that 5 C.F.R. § 1209.2(d) must be interpreted as applying only to individuals who meet the definition of employee found at 5 U.S.C. § 7103(a)(2).

¶14     We also recognize that the Board previously has issued decisions that did not address how 5 U.S.C. § 7103(a)(2) excepts supervisors and management officials from the election of remedies provisions of 5 U.S.C. § 7121(g).  For

---

[8] "The starting point in interpreting a statute is its language; for '[i]f the intent of Congress is clear, that is the end of the matter." *Good Samaritan Hospital v. Shalala*, 508 U.S. 402, 409 (1993).

[9] The Board may follow a nonprecedential decision of a court when it finds its reasoning persuasive, as we do here. *Edwards v. Department of Labor*, 2022 MSPB 9, ¶ 16 n.6.

example, the Board implied that certain appellants were subject to section 7121(g), despite appearing to be supervisors or management officials. *See, e.g.*, *Corthell*, 123 M.S.P.R. 417, ¶¶ 2, 15-17 (applying section 7121(g) to a Supervisory Criminal Investigator); *Edwards v. Department of the Air Force*, 120 M.S.P.R. 307, ¶¶ 2, 12-13 (2013) (applying section 7121(g) to a Supervisory Bowling Facility Manager). To the extent that these or any similar decisions find that the election of remedies statute of 5 U.S.C. § 7121(g) is applicable to supervisors and management officials, they are hereby overruled.

¶15    In the instant matter, it is undisputed that the appellant held the position of Chief Supervisory Customs and Border Protection Officer prior to the 30-day suspension and change in position to Supervisory Customs and Border Protection Officer that she challenged in the instant appeal. *E.g.*, IAF, Tab 1 at 56-57, Tab 5 at 5. While proposing and effectuating those actions, the agency alluded to the appellant as holding a "supervisory position" and "high-level supervisory position." *E.g.*, IAF, Tab 1 at 56-57, Tab 5 at 21. These descriptors suggest that the appellant is a "supervisor," as defined by 5 U.S.C. § 7103(a)(10), rather than an "employee," as defined by 5 U.S.C. § 7103(a)(2). If that is so, the appellant is not subject to the election of remedies provisions of 5 U.S.C. § 7121(g). However, the nature of the appellant's position as it relates to this statutory scheme was not argued below or on review. We therefore find it appropriate to remand this appeal for further proceedings.

¶16    On remand, the administrative judge should first give the parties an opportunity to present argument and evidence about the nature of the appellant's position. If the administrative judge determines that the appellant is a "supervisor or a management official," and not an "employee" for purposes of chapter 71, subject to the election of remedies provisions at 5 U.S.C. § 7121(g), he must then determine whether the Board otherwise has jurisdiction over this appeal. If the administrative judge finds that the appellant has established jurisdiction, he should develop the record and adjudicate the appeal on the

merits.[10]    In a remand decision, the administrative judge should include a new jurisdictional determination and a decision on the merits, as appropriate.

ORDER

¶17    For the reasons discussed above, we GRANT the petition for review, VACATE the initial decision, and REMAND this appeal to the Dallas Regional Office for further adjudication in accordance with this Opinion and Order.

FOR THE BOARD:

/s/_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.

---

[10] As noted, the agency suspended the appellant for 30 days and assigned her to a different position, which in the decision notice the agency characterized as a demotion. IAF, Tab 1 at 57.   While a determination of whether the appellant suffered an appealable reduction in grade or pay is not necessary to establish the Board's jurisdiction because a 30-day suspension is an appealable action pursuant to 5 U.S.C. § 7512(2), on remand the administrative judge should determine the precise nature of the agency's action.