**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOSEPH E. WADE,
                    Appellant,

          v.

DEPARTMENT OF VETERANS
     AFFAIRS,
                    Agency.

DOCKET NUMBER
AT-1221-21-0210-W-1

DATE: May 8, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Joseph E. Wade, Miami, Florida, pro se.

Joved Gonzalez-Rivera, Esquire, Mayaguez, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

On January 30, 2021, the appellant, a WS-2 Housekeeping Aid Supervisor, filed an appeal with the Board alleging that the agency had (1) proposed his removal without sufficient evidence and (2) committed a series of misconduct. Initial Appeal File (IAF), Tab 1 at 5; *Wade v. Department of Veterans Affairs*, MSPB Docket No. AT-1221-20-0341-W-1, Initial Appeal File (0341 IAF), Tab 3 at 78. With his appeal, the appellant provided a copy of an undated notice of proposed removal wherein the agency sought to remove him pursuant to 38 U.S.C. § 714 for conduct unbecoming a supervisory Federal employee, i.e., numerous instances of on-duty sexual misconduct. IAF, Tab 1 at 7-10. The appellant also provided a January 28, 2021 close-out letter from the Office of Special Counsel (OSC) that referenced his proposed removal. *Id.* at 11-12. The appellant requested a hearing on the matter. *Id.* at 2.

The administrative judge issued a jurisdictional order wherein she explained the circumstances under which the Board has jurisdiction to adjudicate IRA appeals and she ordered the appellant to provide specific evidence and argument regarding jurisdiction. IAF, Tab 3 at 2-8. The appellant thereafter submitted numerous filings, IAF, Tabs 5-6, 8-10, wherein he alleged, among other things, that the agency had "retaliated against [him] with extreme prejudice, Malice, and contempt, for engaging in multiple protected activities, whistleblowing," IAF, Tab 5 at 25 (grammar and punctuation as in original). In one of these filings, the appellant referenced "a multitude of report of contacts formerly investigated by OAPW."[2] IAF, Tab 9 at 7. He also alluded to his having alerted a facility director of "numerous violations," IAF, Tab 10 at 4, and referenced an unspecified Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) violation, IAF, Tab 8 at 17.

---

[2] The appellant may have intended to reference "OAWP," the Department of Veterans Affairs Office of Accountability and Whistleblower Protection. IAF, Tab 9 at 7.

Without holding the appellant's requested hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID) at 1, 10. In so doing, she found that the appellant had failed to make a nonfrivolous allegation of a protected disclosure under 5 U.S.C. § 2302(b)(8) insofar as his allegations were "too vague and non-specific." ID at 8-9. She also found that the appellant had failed to show that he had exhausted any of his purported disclosures with OSC. ID at 7-9. She concluded, however, that the appellant had exhausted his administrative remedies regarding the personnel action at issue, i.e., his proposed removal. ID at 8.

The appellant has filed a petition for review, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

To establish jurisdiction in a typical IRA appeal, an appellant must show by preponderant evidence[3] that he exhausted his remedies before OSC and make nonfrivolous allegations of the following: (1) he made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d

---

[3] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

1362, 1364, 1369 (Fed. Cir. 2020). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of affording the appellant a hearing. *Grimes v. Department of the Navy*, 96 M.S.P.R. 595, ¶ 12 (2004). Whether the appellant's allegations can be proven on the merits is not part of the jurisdictional inquiry. *Lane v. Department of Homeland Security*, 115 M.S.P.R. 342, ¶ 12 (2010).

<u>We agree with the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure or engaged in protected activity in his filings for this appeal.</u>

Here, we discern no basis to disturb the administrative judge's conclusion that the appellant failed to make a nonfrivolous allegation that he made a protected disclosure or engaged in protected activity. ID at 8-9. Indeed, the appellant's filings in this matter consisted of a litany of assertions of agency misconduct absent any clear allegations of protected disclosures or protected activity related thereto. *See Doster v. Department of the Army*, 56 M.S.P.R. 251, 253-54 (1993) (concluding that the Board lacked jurisdiction over the appellant's IRA appeal when the appellant's filings contained a litany of allegations of agency improprieties but failed to discernably allege any disclosures regarding the same).

<u>We find that it is appropriate to consider the appellant's filings in a prior IRA appeal and, in so doing, we find that the appellant made nonfrivolous allegations that he made protected disclosures and engaged in protected activity.</u>

In their filings before the administrative judge, both the appellant and the agency referenced a prior IRA appeal filed by the appellant.[4] IAF, Tab 7 at 4-6, Tab 8 at 4. Indeed, the agency argued that, if the administrative judge did not dismiss this matter for lack of jurisdiction, she should dismiss it on the basis of adjudicatory efficiency because the appellant's claims were already "the subject of his case pending on petition for review." IAF, Tab 7 at 8-9. In determining

---

[4] Although the appellant referenced "the precious case," we surmise that he intended to refer to "the previous case." IAF, Tab 8 at 4.

whether an appellant has made a nonfrivolous allegation in an IRA appeal, the Board may consider matters incorporated by reference, matters integral to the appellant's claim, and matters of public record. *Hessami*, 979 F.3d at 1369 n.5.

In the prior IRA appeal to which the parties refer, the appellant alleged that, in retaliation for various protected disclosures and activity, the agency had done the following: (1) proposed his removal; (2) reassigned him; and (3) altered his working conditions. 0341 IAF, Tab 1 at 3, Tab 15 at 5, 9. In her August 24, 2020 initial decision for the matter, the administrative judge concluded that the appellant had not exhausted his administrative remedies regarding his proposed removal with OSC and, accordingly, the Board lacked jurisdiction over the same. 0341 IAF, Tab 30, Initial Decision at 7-9 & n.8. Following receipt of this initial decision, the appellant apparently filed a new complaint with OSC, i.e., OSC File No. MA-20-002609, i.e., the complaint that resulted in the January 28, 2021 close-out letter that he has provided here. IAF, Tab 1 at 11-12. In this new OSC complaint, the appellant alleged whistleblower reprisal and raised the issue of his proposed removal, ostensibly with an eye towards exhaustion. *Id.* Given this series of events, we find that it is appropriate to consider for purposes of this appeal the appellant's allegations of protected disclosures and protected activity in his prior IRA appeal. *See Hessami*, 979 F.3d at 1369 n.5; *see also Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 6 (1999) (explaining that the Board construes pro se pleadings liberally).[5]

In a Remand Order issued concurrent with this order, we conclude that the appellant exhausted his administrative remedies with OSC and made nonfrivolous allegations of two protected disclosures under 5 U.S.C. § 2302(b)(8) in his prior IRA appeal, i.e., (1) an April 2019 complaint with the Occupational Safety and

---

[5] Indeed, with his petition for review, the appellant provides his response to OSC's preliminary determination letter for OSC File No. MA-19-5334, i.e., the OSC complaint at issue in his prior IRA appeal, suggesting that he believes that his two OSC complaints, and by, extension, his Board appeals, are interrelated. PFR File, Tab 1 at 18-20; 0341 IAF, Tab 15 at 4-10.

Health Administration and (2) an August 19, 2019 disclosure to agency management and agency police regarding illegal drug usage. 0341 IAF, Tab 4 at 9, 20-21, Tab 15 at 4. We also find that the appellant exhausted his administrative remedies with OSC and made nonfrivolous allegations that he engaged in protected activity vis-à-vis (1) his disclosure of information to the agency's Office of Accountability and Whistleblower Protection beginning on October 28, 2019, and (2) his November 19, 2019 equal employment opportunity complaint wherein he alleged whistleblower reprisal. 0341 IAF, Tab 4 at 4-5, 9. Under the circumstances, we find it appropriate to incorporate those findings here.

The appellant made a nonfrivolous allegation of a personnel action that he exhausted with OSC.

A proposed removal is a threatened personnel action under 5 U.S.C. § 2302(a)(2)(A)(iii), (b)(8), and (b)(9). *See Grubb v. Department of the Interior*, 96 M.S.P.R. 361, ¶ 25 (2004). Here, insofar as the appellant (1) has alleged that the agency proposed his removal pursuant to 38 U.S.C. § 714 on February 20, 2020, and (2) has provided a close-out letter from OSC referencing the same, we find that the appellant has made a nonfrivolous allegation of a personnel action that he exhausted with OSC. IAF, Tab 1 at 5, 7-12; 0341 IAF, Tab 3 at 5; *see* 5 U.S.C. § 2302(a)(2)(A)(iii).

The appellant satisfied the contributing factor jurisdictional criterion.

Insofar as the appellant has alleged knowledge by agency officials and a close temporal proximity between his protected disclosures/protected activity and his February 20, 2020 proposed removal, we find that he has satisfied the contributing factor jurisdictional criterion. 0341 IAF, Tab 4 at 4-5, 21-22, 38; *see Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012).

Accordingly, we find that the appellant made a nonfrivolous allegation that his protected disclosures and his protected activity contributed to his proposed removal; therefore, he is entitled to his requested hearing and a decision on the

merits of his appeal. IAF, Tab 1 at 2; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of the appellant's IRA appeal. *See Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).[6]

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.

---

[6] In this appeal, as in his prior IRA appeal, the appellant has generally referenced both USERRA and the Veterans Employment Opportunities Act. IAF, Tab 8 at 17; PFR File, Tab 1 at 4. On remand, the administrative judge shall clarify whether the appellant sought to raise any claims related thereto and, if so, shall inform the appellant of the applicable burdens and the elements of proof. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (explaining that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).