# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| WENDY ALGUARD,<br>　　　　　　Appellant, | DOCKET NUMBER<br>SF-1221-20-0275-W-1 |
| 　　　v. | |
| DEPARTMENT OF AGRICULTURE,<br>　　　　　　Agency. | DATE: July 18, 2024 |

## THIS ORDER IS NONPRECEDENTIAL[1]

Wendy Alguard, Yakima, Washington, pro se.

Lori A. Ittner, Washington, D.C., for the agency.

Sandy S. Francois, Kenner, Louisiana, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REVERSE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

On February 21, 2020, the appellant filed three separate appeals with the Board, including the instant appeal. Initial Appeal File (IAF), Tab 1; *Alguard v. Department of Agriculture*, MSPB Docket No. SF-20-0752-0274-I-1, Initial Appeal File (0274 IAF), Tab 1; *Alguard v. Department of Agriculture*, MSPB Docket No. SF-20-1221-0270-W-1, Initial Appeal File (0270 IAF), Tab 1.[2] Here, the appellant alleged that, in 2016, the agency failed to select her for a position for which she had applied because she had filed a "complaint regarding reprocessing of moldy applesauce at a company where [she] was assigned." IAF, Tab 9 at 5. With her initial appeal form, the appellant provided two letters from the Office of Special Counsel (OSC) dated December 19, 2019, and February 20, 2020. IAF, Tab 1 at 7-9. The letters indicated that, in 2016, the appellant had filed an OSC complaint involving, among other things, her disclosure of "potentially deadly (moldy) applesauce" and her 2016 nonselection. *Id*. at 7. OSC indicated that it was closing its investigation into her allegations, and it provided the appellant with her Board appeal rights. *Id*. at 8-9.

To establish jurisdiction in a typical IRA appeal under the Whistleblower Protection Enhancement Act of 2012 (WPEA),[3] an appellant must show by

---

[2] In her other Board appeals, the appellant (1) challenged her 2011 removal from the agency, 0274 IAF, Tab 1 at 3, 5, 7, Tab 7 at 5, and (2) alleged that the agency had retaliated against her for filing complaints with the agency's Office of the Inspector General, 0270 IAF, Tab 1 at 3, 5. The former appeal was dismissed on the basis of res judicata, 0274 IAF, Tab 21, Initial Decision at 1-2, 4 (Apr. 13, 2020), and the latter appeal is currently pending in the Western Regional Office.

[3] Pursuant to the WPEA, effective December 27, 2012, Congress expanded the grounds on which an appellant may file an IRA appeal with the Board. *Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 5 (2015). Under the WPEA, the date of the purported retaliation, and not the disclosure, is dispositive in determining whether pre-WPEA or post-WPEA standards apply. *See Hooker v. Department of Veterans Affairs*, 120 M.S.P.R. 629, ¶¶ 13, 15 (2014). Here, because the alleged retaliation occurred in 2016, after the effective date of the WPEA, the WPEA

preponderant evidence[4] that she exhausted her remedies before OSC and make nonfrivolous allegations of the following: (1) she made a disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Corthell v. Department of Homeland Security*, 123 M.S.P.R. 417, ¶ 8 (2016), *overruled on other grounds by Requena v. Department of Homeland Security*, 2022 MSPB 39. A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s). The U.S. Court of Appeals for the Federal Circuit has found that, in the context of an IRA appeal, a nonfrivolous allegation is an allegation of "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Hessami v. Merit Systems Protection Board*, 979 F.3d 1362, 1364, 1367 (Fed. Cir. 2020). Any doubt or ambiguity as to whether the appellant made nonfrivolous jurisdictional allegations should be resolved in favor of affording the appellant a hearing. *Drake v. Agency for International Development*, 103 M.S.P.R. 524, ¶ 11 (2006).

Here, in the initial decision, the administrative judge found that the appellant had made a nonfrivolous allegation that, in 2011, she made a protected disclosure described under 5 U.S.C. § 2302(b)(8)(A). IAF, Tab 16, Initial Decision (ID) at 5. She also found that the appellant had made a nonfrivolous allegation of a personnel action under 5 U.S.C. § 2302(a), i.e., that, in 2016, the agency had failed to select her for a position for which she had applied. ID at 5-6. The administrative judge also concluded that the appellant had exhausted her administrative remedies before OSC regarding these claims. *Id*. She found,

---

applies to this appeal. The relevant holdings of the pre-WPEA case law that we have cited herein have not been affected by the WPEA.

[4] Preponderant evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

however, that the appellant had failed to establish Board jurisdiction because she had failed to make a nonfrivolous allegation that her protected disclosure had contributed to her nonselection. ID at 5-7. In so finding, the administrative judge reasoned that, although the record showed that the selecting official was aware of the appellant's protected disclosure, because the appellant's nonselection had occurred 5 years after the same, the appellant had failed to satisfy the knowledge/timing test. ID at 6-7. The administrative judge also implicitly concluded that the appellant's nonselection was precipitated by factors other than her disclosure insofar as she stated that the agency's documentary evidence evinced that the appellant "was on the non-competitive certificate, while the selectee was on the competitive certificate for current employees," ID at 7, and that the appellant had been "positively recognized for making the disclosure," ID at 7 n.6.

For the following reasons, we find that the administrative judge erroneously applied the nonfrivolous allegation standard regarding the contributing factor criterion, we find jurisdiction, and we remand the appeal for adjudication of the merits.

To satisfy the contributing factor criterion at the jurisdictional stage of an IRA appeal, an appellant only need raise a nonfrivolous allegation that the fact or the content of the protected disclosure was one factor that tended to affect the personnel action in any way. *Bradley v. Department of Homeland Security*, 123 M.S.P.R. 547, ¶ 13 (2016). Although one way to satisfy this criterion is the knowledge/timing test, *see generally* 5 U.S.C. § 1221(e); *Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶¶ 18, 21 (2015), the Board has found that, if an appellant fails to satisfy this test, it shall consider other evidence, such as the strength or weakness of the agency's reasons for taking the personnel action, whether the whistleblowing was personally directed at the individuals taking the personnel action, and whether these individuals had a desire or motive to retaliate

against the appellant, *e.g.*, *Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 15 (2012).

Here, the appellant alleged that the agency failed to select her because of a "complaint regarding reprocessing of moldy applesauce at a company where [she] was assigned." IAF, Tab 9 at 5. She also alleged that "[t]he [a]gency did not follow proper procedure and report the potentially deadly applesauce to the Food and Drug Administration." *Id*. We considered these allegations in conjunction with the appellant's filings in her other Board appeals filed on February 21, 2020, and, in so doing, we find that she satisfied the contributing factor jurisdictional criterion. *See Hessami*, 979 F.3d at 1369 n.5 (explaining that, in determining whether an appellant has made a nonfrivolous allegation in an IRA appeal, the Board may consider matters incorporated by reference, matters integral to the appellant's claim, and matters of public record).

In a simultaneously filed Board appeal, the appellant averred that, while working for the agency in 2011, she reported to the U.S. Food and Drug Administration (FDA) the unsafe and unlawful actions of a private company involving the reprocessing of moldy applesauce, which prompted the FDA to take immediate action against the company. 0274 IAF, Tab 1 at 5. She explained that she had previously alerted her supervisor to these safety issues "from 2009 through early 2011" but that neither he nor agency management had taken any action to protect the safety of the public. *Id*. The appellant explained that her disclosure had resulted in the cancellation of a lucrative contract for the agency. *Id*. Here, the appellant alleged that her supervisor in 2011 was the same agency official that failed to select her in 2016. IAF, Tab 1 at 5.

Thus, the appellant has made a nonfrivolous allegation that her former supervisor, the selecting official, harbored a retaliatory motive against her because of her disclosure. *See Powers v. Department of the Navy*, 69 M.S.P.R. 150, 156 (1995) (stating that, if an appellant fails to satisfy the knowledge/timing test, the Board shall, consistent with the intent of Congress, consider evidence

such as whether the individuals that took the personnel action harbored retaliatory motive). Moreover, she has made a nonfrivolous allegation that the agency may have been motivated to retaliate against her insofar as her disclosure allegedly resulted in a loss of agency revenue. *See Dorney*, 117 M.S.P.R. 480, ¶¶ 11-12 (explaining that, insofar as the party before the Board is the agency, not its individual officials, a lack of actual knowledge by a single official is not dispositive). To the extent the administrative judge relied on the agency's characterization of its documentary evidence to find that the appellant's nonselection was precipitated by factors other than her disclosure, ID at 7 & n.6, her finding was erroneous, *see Hessami*, 979 F.3d at 1369 (cautioning that the Board many not deny the appellant a right to a hearing by "crediting the agency's interpretation of the evidence as to . . . whether the disclosures were a contributing factor to an adverse personnel action").

Accordingly, we find that the appellant made a nonfrivolous allegation that her protected disclosure contributed to her nonselection and, therefore, is entitled to her requested hearing and a decision on the merits of her appeal. IAF, Tab 9 at 5; *see Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016). Prior to conducting a hearing, the administrative judge shall afford the parties a reasonable opportunity to complete discovery and order the parties to submit any other evidence that she deems necessary to adjudicate the merits of this appeal. *Lewis v. Department of Defense*, 123 M.S.P.R. 255, ¶ 14 (2016).

**ORDER**

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

Gina K. Grippando

FOR THE BOARD:      _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.