**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

RICHARD YOUNG,
        Appellant,

      v.

DEPARTMENT OF AGRICULTURE,
        Agency.

DOCKET NUMBER
DC-0752-19-0658-I-1

DATE: August 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Eden Brown Gaines, Esquire, Washington, D.C., for the appellant.

Lori A. Ittner, Esquire, and Stephanie Ramjohn Moore, Esquire,
    Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his indefinite suspension appeal for lack of jurisdiction based on his prior election to proceed with a whistleblower reprisal claim before the Office of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

Special Counsel (OSC). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

¶2     The appellant was a GS-15 Supervisory Information Technology Specialist for the agency. Initial Appeal File (IAF), Tab 6 at 18. He was required to maintain a security clearance as a condition of employment. *Id*. at 136-37. On or about March 9, 2017, the agency withdrew the appellant's eligibility to access classified information. *Id*. at 11. On November 13, 2018, the agency proposed his indefinite suspension based on his loss of eligibility to access classified information. *Id*. at 12-14. After he responded, on February 15, 2019, the agency issued a decision indefinitely suspending him. *Id*. at 131-34, 216-20.

¶3     On July 9, 2019, the appellant filed a Board appeal of his indefinite suspension under 5 U.S.C. § 7513(d).[2] IAF, Tab 1 at 4. During the pendency of the proceedings, it came to the administrative judge's attention that the appellant had an individual right of action (IRA) appeal pending that concerned, among other things, the same indefinite suspension.[3] *Young v. Department of*

---

[2] The appellant alleged that he did not receive the agency's decision letter until July 3, 2019. IAF, Tab 1 at 4. After considering the parties' submissions on this issue, the administrative judge denied the agency's motion to dismiss the appeal as untimely. IAF, Tabs 9-12, Tab 19 at 10-12.

[3] The appellant's IRA appeal was assigned to a different administrative judge and originally concerned his indefinite suspension. *Young v. Department of Agriculture*, MSPB Docket No. DC-1221-20-0175-W-1, Appeal File (W-1 AF), Tab 15 at 2. The administrative judge issued an order on jurisdiction finding that the Board does not have authority to review agency actions based on security clearance determinations, including the appellant's indefinite suspension. W-1 AF, Tab 18 at 2. In February 2024, the appeal was dismissed without prejudice "to await the outcome of the appellant's pending district court case." *Young v. Department of Agriculture*, MSPB Docket No. DC-1221-20-0175-W-8, Appeal File, Tab 9 at 1. The appellant's district court case includes claims of discrimination, harassment, and reprisal under Title VII concerning, among other things, his indefinite suspension. *Young v. Vilsack*, Case No. 1:19-cv-02144-RC (D.D.C.).

*Agriculture*, MSPB Docket No. DC-1221-20-0175-W-1. The administrative judge notified the parties that the Board may lack jurisdiction over the appeal to the extent that the appellant elected to contest his indefinite suspension before OSC in the context of a whistleblower reprisal complaint before he filed the instant Board appeal under chapter 75. IAF, Tab 19 at 12-15. He ordered the parties to file evidence and argument on the issue. IAF, Tab 20.

¶4    After the parties responded, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 23, Initial Decision (ID) at 2, 7. He found that, on or about July 3, 2019, the appellant's representative learned that the indefinite suspension had been effected, and she informed the OSC investigator handling the appellant's already-pending OSC complaint. ID at 2. Approximately 6 days later, the appellant filed the instant Board appeal to contest the indefinite suspension as an otherwise appealable action. *Id*. In light of these facts, and considering that OSC's October 17, 2019 close-out letter listed the indefinite suspension among the issues that OSC investigated, the administrative judge found that the appellant made a prior election under 5 U.S.C. § 7121(g) to contest his indefinite suspension before OSC and that the Board therefore lacks jurisdiction over the instant appeal. ID at 2-7; IAF, Tab 21 at 30.

¶5    The appellant has filed a petition for review, disputing the administrative judge's legal analysis. Petition for Review (PFR) File, Tab 1. The agency has not filed a response.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶6    Under the 1994 amendments to the Whistleblower Protection Act, an employee subjected to an action appealable to the Board who alleges that the contested action was taken in reprisal for whistleblowing may elect to pursue a remedy through only one of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed under an applicable

negotiated grievance procedure; or (3) a complaint seeking corrective action from OSC under 5 U.S.C. §1211-1222. 5 U.S.C. § 7121(g); *Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶ 7. Whichever remedy is sought first by an aggrieved employee is deemed an election of that procedure and precludes pursuing the matter in either of the other two fora. *Scalera v. Department of the Navy*, 102 M.S.P.R. 43, ¶ 9 (2006).

¶7 On review, the appellant challenges the administrative judge's finding that he made a prior election under 5 U.S.C. § 7121(g) to contest his indefinite suspension before OSC and, therefore, that the Board lacks jurisdiction over the instant appeal pursuant to 5 U.S.C. chapter 75. ID at 1, 3-7; PFR File, Tab 1 at 4-8. After the administrative judge issued his initial decision, the Board issued its decision in *Requena*, in which it held that supervisors and management officials are excepted from the election of remedies provisions of 5 U.S.C. § 7121(g). *Requena*, 2022 MSPB 39, ¶ 11. In *Requena*, the Board explained that 5 U.S.C. § 7103(a)(2) narrowly defined "employee" as excluding a "supervisor" or "management official." *Id.* Because the election of remedies statute for "an aggrieved employee" falls within chapter 71, it is, therefore, subject to this narrower definition of "employee." *Id*.

¶8 Because the administrative judge did not have the benefit of this decision, he did not address whether the appellant met the definition of "supervisor" or "management official" and was, thus, not subject to the election of remedies limitations. For the reasons discussed below, we vacate the initial decision and remand this appeal for the administrative judge to determine whether the appellant is subject to the election of remedies limitations.

¶9 Here, it is undisputed that the appellant's classification title was "Supervisory Information Technology Specialist." IAF, Tab 1 at 14, Tab 6 at 18. His position description indicates that his organizational title was "Director, Information Services Division/Chief Information Officer" and that he had managerial and supervisory duties. IAF, Tab 6 at 90-93. For example, as for

managerial duties, the appellant was "responsible for management oversight of [IT] support for both Washington and its field locations," he "act[ed] as the agency's technical authority with considerable freedom for control over development and administration of the IT function" whose "[d]ecisions, recommendations and conclusions are generally accepted as authoritative." *Id*. at 90. Additionally, his supervisory duties included "oversee[ing] . . . several program segments (each of which is managed through separate subordinate organizational units)." *Id*. at 91. The record also contains the appellant's performance plan, progress review, and appraisal worksheet, which is on a form "for supervisory positions," and shows that "leadership/management or supervision" was one of his critical elements. *Id*. at 98-100. These documents suggest that the appellant is a "supervisor" and "management official," as defined by 5 U.S.C. § 7103(a)(10)-(11), rather than an "employee," as defined by 5 U.S.C. § 7103(a)(2). If that is so, the appellant is not subject to the election of remedies provisions of 5 U.S.C. § 7121(g). However, the nature of the appellant's position as it relates to this statutory scheme was not argued below or on review. We therefore find it appropriate to remand this appeal for further proceedings. *See Requena*, 2022 MSPB 39, ¶ 15.

¶10 On remand, the administrative judge should first give the parties an opportunity to present argument and evidence about the nature of the appellant's position. If the administrative judge determines that the appellant is a "supervisor or a management official," and not an "employee" for purposes of chapter 71, subject to the election of remedies provisions at 5 U.S.C. § 7121(g), he must then proceed with adjudicating the appellant's chapter 75 indefinite suspension appeal, including holding the appellant's requested hearing.

¶11 As mentioned above, because it appears that the appellant's district court case may decide matters that overlap with the issues in the appellant's pending IRA appeal, we do not believe the administrative judge in that appeal abused her discretion in dismissing it without prejudice. Based on the circumstances here,

we are not directing the regional office to join the instant chapter 75 appeal with the appellant's IRA appeal; however, the regional office may choose to do so if it determines that it would serve adjudicatory efficiency. *See* 5 C.F.R. § 1201.36.

## ORDER

¶12        For the reasons discussed above, we remand this case to regional office for further adjudication in accordance with this Remand Order.



FOR THE BOARD:        _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.