**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHAEL CASCIARO,<br>　　　　　　Appellant, | DOCKET NUMBER<br>PH-0752-23-0319-I-1 |
| 　　　v. | |
| DEPARTMENT OF THE ARMY,<br>　　　　　　Agency. | DATE:  February 19, 2025 |

# THIS ORDER IS NONPRECEDENTIAL[1]

Michael Casciaro, New Cumberland, Pennsylvania, pro se.

Benjamin Clancy, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman*
Raymond A. Limon, Member

*Vice Chairman Kerner recused himself and
did not participate in the adjudication of this appeal.

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his involuntary retirement appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency's U.S. Army Security Assistance Command (USASAC) as a GS-15 Supervisory Logistics Management Specialist. Initial Appeal File (IAF), Tab 5 at 11. On April 3, 2023, the agency proposed the appellant's removal based on a charge of conduct unbecoming a Federal employee (12 specifications). IAF, Tab 1 at 9-14. On June 30, 2023, before the agency took any action on his proposed removal,[2] the appellant sent an office-wide email stating that he had decided to retire "to take care of some personal issues and start a new venture that will not take up as much of [his] time." IAF, Tab 5 at 39. His retirement was effected that same day. *Id.* at 11.

On July 12, 2023, the appellant filed a Board appeal, alleging that his retirement was involuntary. IAF, Tab 1 at 3. He stated that he believed that the agency was seeking to force him out because he was told to "just retire and ride [his] Harley." *Id.* at 5. He opined that the notice of proposed removal was legally insufficient, and the people who accused him of wrongdoing were retaliating against him for elevating wrongdoings of others. *Id.* He indicated that, on April 3, 2023, he filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC), but he had not yet received notification that OSC had made a decision or terminated its investigation. *Id.* at 4-5.

On July 13, 2023, the administrative judge issued an order instructing the appellant how to establish jurisdiction over his involuntary retirement appeal and

---

[2] In their declarations made under penalty of perjury, the deciding official and USASAC Director of Human Resources stated that the agency had not made a decision regarding the appellant's proposed removal as of the date of the appellant's retirement. IAF, Tab 5 at 40-43. The deciding official further stated that the appellant had provided him a voluminous written reply to the proposed removal on or around June 23, 2023, one week prior to his retirement, and he had not yet read through all the material by the time the appellant's retirement took effect. *Id.* at 42.

to file evidence and argument sufficient to make a nonfrivolous allegation establishing jurisdiction over his claim. IAF, Tab 2 at 2-3. On July 14, 2023, the administrative judge issued another order directing the agency to file evidence regarding the jurisdictional issue and directing the appellant to meet his jurisdictional burden. IAF, Tab 4 at 1-2. The agency responded with the requested evidence and filed a motion to dismiss for lack of jurisdiction, alleging that the appellant had already elected to proceed before the agency's equal employment opportunity (EEO) office. IAF, Tab 5 at 11-54, Tab 6 at 4-5. The appellant did not respond to the administrative judge's orders.

Without holding the requested hearing, the administrative judge dismissed the appellant's appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1, 8. The administrative judge found that the appellant failed to nonfrivolously allege that he was coerced into retiring or that he retired as a result of agency misinformation or deception. ID at 5-8. The administrative judge acknowledged that the appellant indicated that OSC was investigating the allegations in his complaint and informed him that he could file an individual right of action (IRA) appeal after exhausting his administrative remedy with OSC. ID at 3 n.1.

The appellant has filed a petition for review of the initial decision.[3] Petition for Review (PFR) File, Tab 1. He alleges that his retirement was involuntary because the agency tricked him into retiring to preserve his retirement benefits and subjected him to intolerable working conditions. *Id*. at 4.

---

[3] To the extent the appellant is alleging that he did not receive the administrative judge's orders, he is registered as an e-filer, and, as such, he is deemed to have received the administrative judge's orders on the date of electronic submission. PFR File, Tab 1 at 4; *see* 5 C.F.R. § 1201.14(m)(2) (2018). Further, as an e-filer, the appellant was responsible for ensuring that email from @mspb.gov was not blocked by filters and for monitoring case activity at e-Appeal, the Board's electronic filing system, to ensure that he received all case-related documents. 5 C.F.R. §§ 1201.14(i)(2)-(3) (2018); *see Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 5 (2009) (finding that, when a regulation "deems" something to have been done, the event is considered to have occurred whether or not it actually did).

The agency has responded in opposition to his petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge did not address the appellant's filing of an EEO complaint.</u>

Below, the agency stated that, prior to filing an appeal of his involuntary retirement with the Board, the appellant filed an EEO complaint alleging that same claim and thus elected to proceed before the agency's EEO office. IAF, Tab 6 at 4-5. However, the administrative judge did not address the issue.

When an employee who has been affected by an action that is appealable to the Board believes that the action was the result of prohibited discrimination, he must elect between filing a mixed-case complaint with the agency or filing a mixed-case appeal directly with the Board, and whichever is filed first is considered an election to proceed in that forum. *Shapiro v. Department of Veterans Affairs*, 114 M.S.P.R. 585, ¶ 7 (2010); 5 C.F.R. § 1201.154; *see* 29 C.F.R. § 1614.302(b). The same applies to claims of prohibited discrimination in the context of an alleged constructive action. *Shapiro*, 114 M.S.P.R. 585, ¶ 7; *see Ball v. Department of Veterans Affairs*, 68 M.S.P.R. 482, 484 (1995) (observing that an appellant's election in a constructive resignation appeal was not binding if it was made without knowledge of her options). If an employee elects to file his complaint with the agency, the right to subsequently pursue the matter before the Board vests when the agency issues a final decision on the discrimination complaint or 120 days have passed since the filing of the complaint. *Miranne v. Department of the Navy*, 121 M.S.P.R. 235, ¶¶ 12-13 (2014).

Under the circumstances presented here, the appellant's EEO complaint encompassed his involuntary retirement, and he made an informed election to

challenge that action under the agency's EEO process.[4]  *See Moore v. Department of Justice*, 112 M.S.P.R. 382, ¶¶ 14-17 (2009) (finding that the appellant elected to challenge her removal via the agency's EEO process when she filed her EEO complaint, amended it to include her removal, and the agency accepted her complaint, all before she filed her Board appeal).  However, 120 days have passed since the appellant filed his EEO complaint, and he may now proceed before the Board regardless of the status of his EEO complaint.  *See Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶¶ 15-16 (2007) (forwarding a petition for review for docketing as a refiled removal appeal when 120 days had passed since the appellant filed an EEO complaint regarding her removal); *see also* 5 C.F.R. § 1201.154(c) (providing that an administrative judge will dismiss a premature mixed-case appeal without prejudice to its later refiling, or alternatively, may hold an appeal for a short time to allow it to become timely).

<u>The administrative judge must consider whether the appellant is subject to the election of remedies provisions of 5 U.S.C. § 7121(g).</u>

Below, the appellant indicated that he filed a whistleblower reprisal complaint with OSC, but he did not provide the complaint or clarify whether he amended that complaint to include his involuntary retirement claim.  IAF, Tab 1 at 4.  An employee who claims to have suffered whistleblower reprisal regarding an action appealable to the Board may elect to pursue a remedy through one, and

---

[4] The notice of proposed removal that prompted the appellant's retirement included a notice of his right to elect a remedy.  IAF, Tab 1 at 13.  The notice stated that the appellant could only choose one forum and the one he chose first was considered his binding election.  *Id.*  On June 29, 2023, the appellant filed a formal EEO complaint with the agency alleging that he was discriminated against and harassed based on his age and disability.  IAF, Tab 5 at 44.  That same day, the agency requested clarification of his allegations and received a July 5, 2023 response from the appellant.  *Id.*  The agency issued a July 10, 2023 notice accepting the appellant's claim that he was forced to retire from his position on June 30, 2023.  *Id.* at 44-49.  On July 12, 2023, the appellant appealed that same action to the Board.  IAF, Tab 1 at 3.  In a July 20, 2023 notice, the agency provided corrected processing information for a mixed-case complaint and applicable timelines.  *Id.* at 50-54.  In its response to the petition for review, the agency states that the appellant's claim of involuntary retirement remains under investigation.  PFR File, Tab 4 at 3.

only one, of the following remedial processes: (1) an appeal to the Board under 5 U.S.C. § 7701; (2) a grievance filed pursuant to the provisions of a negotiated grievance procedure; or (3) the procedures for seeking corrective action under 5 U.S.C. §§ 1211-1222, i.e., an OSC complaint, potentially to be followed by an IRA appeal. *See* 5 U.S.C. § 7121(g); *Requena v. Department of Homeland Security*, 2022 MSPB 39, ¶ 7. Whichever remedy is sought first by an aggrieved employee is deemed to be an election of that procedure and precludes pursuing the matter in either of the other two forums. *Requena*, 2022 MSPB 39, ¶ 8.

However, supervisors and management officials are excepted from the election of remedies provisions of 5 U.S.C. § 7121(g). *Requena*, 2022 MSPB 39, ¶ 11. In *Requena*, the Board explained that 5 U.S.C. § 7103(a)(2) defined an "employee" for purposes of chapter 71 of Title 5 as including "an individual employed in an agency" but not "a supervisor or a management official." *Id.* Because the election of remedies statute for "an aggrieved employee" falls within chapter 71, it is, therefore, subject to this narrower definition of "employee." *Id.*

Here, it is undisputed that the appellant held the position of "Supervisory Logistics Management Specialist" at the time of his retirement. IAF, Tab 5 at 11. Throughout the notice of proposed removal, the agency referred to the appellant as a supervisor. IAF, Tab 1 at 12. Thus, it appears that the appellant is a "supervisor" and "management official," as defined by 5 U.S.C. § 7103(a)(10)-(11), rather than an "employee," as defined by 5 U.S.C. § 7103(a)(2). If that is so, the appellant is not subject to the election of remedies provisions of 5 U.S.C. § 7121(g). However, the nature of the appellant's position as it relates to this statutory scheme was not argued below or on review. We therefore find it appropriate to remand this appeal for further proceedings. *See Requena*, 2022 MSPB 39, ¶ 15.

On remand, the administrative judge should provide the parties an opportunity to present argument and evidence about the nature of the appellant's position. If the administrative judge determines that the appellant is a

"supervisor or a management official," and not an "employee" for purposes of chapter 71, subject to the election of remedies provisions at 5 U.S.C. § 7121(g), he must then determine if the Board has jurisdiction over this appeal.[5] If he so finds, he should develop the record on and adjudicate the appellant's claim of whistleblower reprisal. If the appellant wishes to file an IRA appeal, the administrative judge should docket an IRA appeal and notify the appellant of the corresponding jurisdictional and timeliness standards.

## ORDER

For the reasons discussed above, we remand this case to the Northeastern Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:            _____

                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.

---

[5] For the first time on review, the appellant asserts that he asked the USASAC Director of Human Resources if he would lose his retirement benefits if he was removed, and he was told yes. PFR File, Tab 1 at 4. He claims that the USASAC Director of Human Resources advised him to submit his retirement paperwork so that he could quickly execute a retirement before any removal was effected and avoid losing his retirement benefits. *Id.* The Board will generally not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence that was not previously available despite the party's due diligence. *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016). The appellant has not made this showing.